CHARLES H. HATFIELD *vs.* EDWARD D. SOHIER & another.

A testatrix devised real estate to a married daughter, "to her sole and separate use, free from the interference and control of her said husband, or of any other person," "to have and to hold" "to her," "to her sole and separate use, as aforesaid, free from the interference or control of her said husband, or of any other person whatsoever, and to" her "children or child" "or the issue of any deceased child in equal proportions." *Held*, that the daughter took an estate for life, with remainder, vesting at the testatrix's death and opening to let in an after-born child, to her children; and that, the after-born child having died in infancy, its share was inherited by its father, the husband.

A testator devised all his real estate to his married sister, "to her sole and separate use for life, wholly free from the interference or control of her husband, or any future husband, and without the same being liable in any possible event for his debts or engagements," with "the fullest power to dispose of said property by her last will, and in default of any such disposition," "to her heirs at law in fee simple," and in appointing her executrix, gave "her as executrix, or in her own right as devisee for life, the right to sell and convey in fee simple all or any" of the real estate, "as she shall deem expedient." *Held*, that the sister took an estate for life only, and that her husband did not become tenant by the curtesy.

CONTRACT for money had and received by the defendants to the plaintiff's use. The plaintiff filed the following specification of his claim : " Moneys collected by defendants as rent and income from real estate in the city of Boston, of which Ann Maria Hatfield, late of Medford, and wife of the plaintiff, died seised, and which rents belong to the plaintiff as tenant by the curtes⸱ The answer was a general denial.

The case was, in the Superior Court, submitted upon an agreed statement of facts; from which it appeared that one Mrs. Coleman, a widow, and the mother of the plaintiff's deceased wife, made her will, dated August 26, 1861, and duly proved October 21, 1861, by which she disposed of her estate as follows:

"*Secondly.* I give, devise and bequeath unto my beloved son, William S. Hyne, the following described real estate: [Here followed descriptions of nine parcels of real estate.] To have and to hold the foregoing land and estates, with the rights and appurtenances thereto belonging, as the same are severally described in the deeds thereof to me."

"*Thirdly.* I give, devise and bequeath to my beloved daughter, Ann Louisa Hatfield, the wife of Charles Horatio Hatfield, of said Boston, to her sole and separate use, free from the interference and control of her said husband, or of any other person, the following described estates, namely: [Here followed descriptions of three parcels of real estate.] To have and to hold the said estates, with all the privileges and appurtenances to the same belonging, to her, the said Ann Louisa Hatfield, to her sole and separate use, as aforesaid, free from the interference or control of her said husband, or of any other person whatsoever, and to the children or child of the said Louisa, or the issue of any deceased child, in equal proportions.

"*Fourthly.* I give and bequeath to my said son, William S. Hyne, one half of all the money, notes, books, accounts, choses in action and personal property of which I may die possessed or entitled to; and I give and bequeath the other part or half of said money, notes, books, accounts, choses in action and personal property of which I may die possessed or entitled, to my said daughter, Ann Louisa Hatfield, to her sole and separate use, as aforesaid.

"*Fifthly.* I do hereby nominate and appoint my said son, William S. Hyne, to be the executor of this my last will and testament."

Mrs. Coleman, when she made her will, had only two children then living, William S. Hyne and Ann Louisa Hatfield; and she

owned no other real estate, so far as known, except the estates mentioned in her will.

When Mrs. Coleman died, she owned the estates mentioned in her will in fee simple. At that date and when she made the will, Mrs. Hatfield was the wife of the plaintiff and had two children, Diogenes C. Cooper, born September 15, 1851, and William H. C. Cooper, born January 29, 1859, both of whom were living at the commencement of the action. Afterwards there were born to her by the plaintiff two other children, Charles Edward Hatfield, born September 30, 1862, who was living at the commencement of the action, and Paul Hatfield, born September 30, 1863, who died in that year.

William S. Hyne, the brother of Mrs. Hatfield, died unmarried, July 5, 1862, having no other real estate than what he may have taken under his mother's will. He left a will dated April 22, 1862, which was proved September 22, 1862, in these words :

" I, William S. Hyne, of Boston, in the county of Suffolk, trader, do hereby make, publish and declare this to be my last will, revoking all others by me heretofore made. After payment of debts and charges against my estate, all the estate, real, personal and mixed, which I may own or be interested in, entitled to, or over which I may have a power of disposal at my decease, I give, devise and bequeath to my sister, Ann Louisa Hatfield, wife of Charles H. Hatfield, of Boston, to her sole and separate use for life, wholly free from the interference or control of her husband, or any future husband, and without the same being liable in any possible event for his debts or engagements. I also give her the fullest power to dispose of said property by her last will, and in default of any such disposition by will, I give all of said property at her decease to her heirs at law in fee simple, and I appoint my said sister executrix of this will, and dispense with her giving any sureties on her bond as such, and I give her as executrix, or in her own right as devisee for life, the right to sell and convey, in fee simple, all or any part or parts of my real estate at such time or times to such person or persons, and for such consideration as she shall deem expedient, and no purchaser

from her shall in any possible event be bound to see to the application of the purchase money."

Mrs. Hatfield died October 6, 1871, leaving a will dated August 26, 1871, and proved November 7, 1871.

She made during her life no conveyances of any of the estates mentioned in her mother's will. By her will she left her property to the defendants as trustees for her children, and the defendants were also appointed guardians of her children, and had since her death managed the estates, as well those left by the last will of Mrs. Coleman to William S. Hyne, as those left to Mrs. Hatfield, and had collected the rents and paid the taxes, repairs and other expenses, and it was agreed that in the management of the property they had acted with proper judgment and for the best interest of any parties concerned. If the plaintiff was tenant by the curtesy of any of the estates, or of any undivided part or parts of any of them, it was agreed that the defendants were indebted to him for the income of such estates, or of such part or parts thereof, deducting taxes, repairs, insurance, and other proper expenses and reasonable commissions.

It was agreed that the court might determine upon these facts, whether the plaintiff was tenant by the curtesy of any of the estates, or of any part or parts of any of them; and if he was, of what estates and of what parts thereof. If he was tenant by the curtesy, and as such entitled to the rent of any of the estates, or of any part or parts thereof, the case was to be sent to an assessor to determine the amount of net income received from such estates to which the plaintiff was entitled; and judgment was to be rendered for such amount; otherwise, judgment was to be rendered for the defendants, without costs.

In the Superior Court, judgment was ordered for the defendants, and the plaintiff appealed.

*W. W. Warren,* for the plaintiff.

*C. A. Welch,* for the defendants.

MORTON, J. The question submitted to us is whether the plaintiff is tenant by the curtesy in any of the estates held by the defendants as trustees under the will of his wife. As she held the estates in part under the will of her mother, and in part

under the will of her brother, it is necessary to determine what estate she took under each will.

1. The will of Mrs. Coleman is inartificially drawn, but we think it is not difficult to ascertain from it the intention of the testatrix. She devises certain estates "to Ann Louisa Hatfield, the wife of Charles Horatio Hatfield, of said Boston, to her sole and separate use, free from the interference and control of her said husband, or of any other person," to have and to hold the same, "to her the said Ann Louisa Hatfield, to her sole and separate use, as aforesaid, free from the interference and control of her said husband, or of any other person whatsoever, and to the children or child of the said Louisa, or the issue of any deceased child, in equal proportions." This devise is not in the terms commonly used to create a fee. It is not to Mrs. Hatfield, her heirs and assigns, and contains no words extending her interest beyond her life. There are no terms used indicating an intention to give her the power of disposal during her life. The devise "to the children or child of the said Louisa or the issue of any deceased child in equal proportions," is inconsistent with an intention to give Mrs. Hatfield a fee or an estate in tail. These are words of purchase, and are of no effect if she took an estate of inheritance with the power of disposal. We think the intention of the testatrix was to give Mrs. Hatfield an estate for life, and the remainder to her children, or the issue of any deceased child, in equal proportions.

The case of *Gifford* v. *Choate*, 100 Mass. 343, cited by the plaintiff, differs from this. There the devise was "to her and her heirs and assigns forever," and the other parts of the will, in the opinion of the court, showed a clear intention that the devisee should have the absolute and unlimited disposal of the estate during her lifetime. It was therefore held that she took a fee.

Construing this then as a devise of a life estate to Mrs. Hatfield, and a remainder to her children or the issue of deceased children, upon established rules of law the remainder vested in the children at the death of the testatrix. *Pike* v. *Stephenson,* 99 Mass. 188. *Blanchard* v. *Blanchard,* 1 Allen, 223, and cases cited. And as the intention of the will is clear to give to all the

children of Mrs. Hatfield, the remainder opens to let in children born after the death of the testator. 2 Jarman on Wills, (3d ed.) 143. The result of these considerations is that Paul, the son born to Mrs. Hatfield after the death of her mother, took a vested remainder in fee in one quarter of the estates in question, liable to be diminished in case of the birth of any brothers or sisters afterwards. And upon his death his estate passed by inheritance to his father. Gen. Sts. *c.* 91, § 1, *cl.* 2.

It follows, therefore, that Mrs. Hatfield had no estate of inheritance, and that the plaintiff has no tenancy by the curtesy in the estates devised by the will of Mrs. Coleman.

2. As to the estates devised to Mrs. Hatfield by the will of her brother, there is no difficulty. He devises certain estates to her " to her sole and separate use for life, wholly free from the interference or control of her husband, or any future husband, and without the same being liable in any possible event for his debts or engagements." This is an express devise of an estate for life, and is not to be enlarged to an estate of inheritance by the subsequent provisions, unless they clearly show the intention of the testator to do so. The power to dispose of the property by will or by deed during her life is not inconsistent with a life estate; and the gift over to " her heirs at law in fee simple," if she should not dispose of it, and the expression used in the power that she shall have " in her own right as devisee for life the right to sell," clearly indicate that the intention was not to enlarge the estate previously given to an estate of inheritance. *Ward* v. *Amory*, 1 Curtis, 419. It is clear that Mrs. Hatfield took an estate for life with a power of disposition by deed or will, and if she had not exercised either power, a fee simple would have vested in her heirs at law under the will. Gen. Sts. *c.* 89, § 12. *Moore* v. *Weaver*, 16 Gray, 305. Her husband therefore has no title to those estates as tenant by the curtesy.

As this is an action of contract to recover rents received by the defendants, which can be maintained only upon the ground that the plaintiff is entitled to such rents or some part thereof as tenant by the curtesy, it follows that it must fail.

*Judgment for the defendants.*