WILLIAM A. MUNROE & others, trustees, *vs.* HENRY S. DEWEY, trustee, & another.

Suffolk. March 15, 1900. — May 18, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Will — Life Interest not passing to Trustee in Bankruptcy.*

A life interest given by will which directs that "no income or principal shall in any case be assignable or alienable by anticipation or subject to attachment, levy, or seizure by any creditor of the beneficiary, prior to his or her actual receipt thereof," does not pass to the life tenant's trustee in bankruptcy.

BILL IN EQUITY for instructions as to the construction of the will of Eustace C. Fitz. Hearing before *Knowlton,* J., who, at the request of the parties, reserved the case for the consideration of the full court. The facts appear in the opinion.

*F. E. Fitz, pro se.*

No counsel appeared for the plaintiffs.

HOLMES, C. J. This is a bill brought by trustees under a will for instructions whether certain income shall be paid to the legatee or to his trustee in bankruptcy. The income was given to

the legatee for life, and the will expressly directs that "no income or principal shall in any case be assignable or alienable by anticipation, or subject to attachment, levy, or seizure by any creditor of the beneficiary, prior to his or her actual receipt thereof." Even if this clause attempts to go further than the law permits, its validity with regard to an equitable life estate is settled, as against both attaching creditors and assignees in insolvency. *Billings* v. *Marsh,* 153 Mass. 311. The trustee in bankruptcy very candidly admits that he does not think that he can distinguish the decisions or make good his claim. We see no ground for a distinction in the words of the Bankrupt Act, § 70. U. S. St. of July 1, 1898, c. 541 ; 30 U. S. Sts. at Large, 544. Some matters discussed by the defendant Fitz in his unnecessarily elaborate brief are not open.

*Decree accordingly.*