BOSTON SAFE DEPOSIT AND TRUST COMPANY, trustee, *vs.*
FANNIE L. LUKE & trustee.

Suffolk.    January 13, 1915. — March 9, 1915.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Trust*, Spendthrift.  *Bankruptcy*.

The interest of an adopted daughter of a testator under the provisions of a trust
created by his will which required that the whole net income of the trust fund
should be paid to her quarterly during her life "together with such portion of
the principal of said trust fund as shall make the amount to be paid her
at least $3,000 a year during her life, said income to be free from the inter-
ference or control of her creditors," although it is assignable because there is
nothing in the will which forbids its assignment, is not affected by the adopted
daughter being adjudicated a bankrupt, and the trustee under the will should
pay to her and not to the trustee in bankruptcy of her estate the income of
the fund accruing after such adjudication.

BILL IN EQUITY, filed in the Supreme Judicial Court on April
7, 1914, by the trustee under the will of John W. Leighton, late
of Brookline, seeking instructions as to whether the interest of the
defendant Fannie Leighton Luke under the clause of the will
quoted below passed to the trustee in bankruptcy of her estate.

The clause of the will in question was as follows :

"Second: I give, devise and bequeath to the Boston Safe De-
posit and Trust Company, a corporation duly established under
the laws of the Commonwealth of Massachusetts and located at
Boston, in said Commonwealth, the sum of Seventy-five Thou-
sand Dollars in money, but in trust nevertheless, to invest, hold,
re-invest and manage the same separate and apart from all other
property held by it in trust, and pay over the net income and
principal thereof as follows:

"(1) The whole of the net income thereof to be paid my adopted
daughter, Fannie Leighton Luke, wife of Otis H. Luke, of said
Brookline during her life quarterly in each and every year together
with such portion of the principal of said trust fund as shall make
the amount to be paid her at least Three Thousand Dollars a year
during her life, said income to be free from the interference or
control of her creditors."

The testator died in 1897. Fannie Leighton Luke was adjudicated a bankrupt on December 3, 1913.

The case was reserved by *De Courcy*, J., for determination by the full court.

*H. F. Atwood,* for the plaintiff, stated the case.

*R. H. Oveson,* for the defendant Fannie L. Luke.

*G. E. Kemp,* for the trustee in bankruptcy.

LORING, J. The trustee in bankruptcy seeks to take this case out of the decisions made in *Billings* v. *Marsh,* 153 Mass. 311, and *Munroe* v. *Dewey,* 176 Mass. 184, because the bankrupt's equitable life interest in the case at bar was assignable. There is nothing in the will which forbids the life tenant's assigning her equitable life interest. It follows that it was assignable. *Ames* v. *Clarke,* 106 Mass. 573. *Huntress* v. *Allen,* 195 Mass. 226.

It is the contention of the trustee in bankruptcy that, being assignable, the life interest passed to him under § 70 a (5) of the bankrupt act, which provides that all "property which prior to the filing of the petition he [the bankrupt] could by any means have transferred" shall vest in the trustee.

But the immunity of the equitable life interest in the case at bar does not depend upon the kind of property which (by the terms of the bankrupt act) passes to the trustee in bankruptcy. The immunity of the equitable life interest goes farther back. It goes back to the fact that this equitable life interest is not subject to bankruptcy proceedings at all. By the terms of the will creating it the equitable life interest here in question is to be "free from the interference or control of her [the life tenant's] creditors." It is immaterial whether the machinery set in motion by the creditors is a bill in equity to reach and apply her equitable interests, or an involuntary petition in bankruptcy to secure all her property legal and equitable. The equitable life estate created by the will here in question is to be "free from the interference or control of her creditors," and under the doctrine of *Broadway National Bank* v. *Adams,* 133 Mass. 170, that direction will be enforced. We have examined all the cases cited by the trustee in bankruptcy and find nothing in them which requires notice.

By the terms of the will "the whole of the net income" is to be "free from the interference or control of her [the life tenant's]

creditors." The whole income, including all arrearages, is to be paid to the life tenant.

No question has arisen requiring the court to instruct the trustee as to the use of the principal to make the income up to $3,000.

A decree must be entered directing the plaintiff to pay to the life tenant the whole income, including all arrearages; and it is

*So ordered.*