ADELINE M. HASKELL & another, executors & trustees, *vs.*
EDMUND M. HASKELL & others.

Essex. November 13, 1919. — January 9, 1920.

Present: RUGG, C. J., DE COURCY, PIERCE, & JENNEY, JJ.

*Restraint upon Alienation. Trust,* Spendthrift, Construction of instrument creating trust.

By the terms of a trust under a will, the duty was imposed upon the trustee to hold the residuary estate, "real, personal and mixed," to repair it and let it, invest and reinvest the proceeds of any sale, collect and receive the income, pay all necessary expenses relating to it, and pay the net income and so much of the principal as the trustee "may think proper" to the widow. On the death of the widow, the trust was to cease and "the remainder thereof including all income increase and increment that has not been actually paid over to my wife is to go in equal shares to my two children . . . free and discharged from any trust." A later provision in the will was, "No part of any trust under this will principal income or increment shall be attachable assignable trusteeable or liable to be taken at law or in equity for or on account of any debt obliga-

tion or contract of any beneficiary hereunder; but the share I have herein provided such beneficiary should have, shall be transferred and delivered to her or him, as the case may be personally and for her and his sole and exclusive use and benefit." The widow and a son and a daughter survived the testator. During the lifetime of the widow, the son made several assignments of his interest under the will to various creditors and was adjudicated a bankrupt. *Held*, that

(1) The trustee received a legal title in the property given in trust;

(2) Each of the children received an equitable interest which was inalienable;

(3) Neither the assignees nor the trustee in bankruptcy of the son received any title to his share in the trust fund.

BILL IN EQUITY, filed in the Probate Court for the county of Essex on June 1, 1918, by the executors and trustees under the will of Jacob M. Haskell, for instructions as to whether the entire share of Edmund M. Haskell, under the fourth clause of the will, quoted in the opinion, should be paid to him "and if not to what persons, in what order and in what proportions the same is to be paid," Edmund M. Haskell having made a number of assignments, each purporting to transfer his interest in his father's estate as security for a loan, and also having been adjudicated a bankrupt in the District Court of the United States for the District of Massachusetts.

In the Probate Court the suit was heard by *Dow*, J., who made the decree described in the opinion, directing that the trustees "pay over and deliver to said Edmund M. Haskell his entire share of said trust property."

On appeal to this court by certain creditors of Edmund M. Haskell to whom he had made assignments, the suit was heard by *Braley*, J. The material facts and pertinent portions of the will are described in the opinion.

By order of the single justice a decree was entered affirming the decree of the Probate Court. The same creditors appealed.

*J. B. Studley*, for the defendant Haskell.

*C. L. Newton*, for the defendant Carey.

PIERCE, J. Jacob M. Haskell of Beverly, Massachusetts, died in 1906 testate, leaving him surviving a widow, Adeline L. Haskell, and two children, Adeline M. Haskell and Edmund M. Haskell. His will was duly proved and allowed in the Probate Court for the county of Essex on December 3, 1906. Albert C. Manson, the widow (Adeline L. Haskell), and the daughter (Adeline M. Haskell) were nominated and appointed executors and trus-

tees under the first clause of the will, and they have administered the estate. The executors' inventory now on file in the Probate Court shows real estate of small value and personal property of large value. Under the fifth clause of the will (b) the wife is "allowed the use of such parts of my real estate as she may desire rent free;" and under the same clause (c) the "executors and trustees" are authorized to "sell any real and personal estate without any order or decree of court and no purchaser shall be bound to see to the application of the purchase money." The second and third clauses gave respectively to his daughter and to his son all indebtedness which she or he "may owe to me at my decease." The fourth clause reads as follows: "I give devise and bequeath to my said trustees and the successors and survivor of them all the rest residue and remainder of my estate, real, personal and mixed, but in trust nevertheless for the following and no other purposes. To hold, repair, manage, sell, lease, rent and let the same, and to invest and reinvest the proceeds thereof, collect and receive the income and pay all necessary outgoes thereon, and during the life of my said wife pay over to her in quarter yearly payments or oftener as they shall see fit all the net income of the trust for her own use and disposal and if at any time during my wife's life the net income from this trust shall in the judgment of the trustees be insufficient for the comfort and care of my said wife, they are authorized in their discretion to pay to her out of the principal of the trust from time to time so much as they may think proper.

"At the decease of my said wife the trust is to cease and the remainder thereof including all income increase and increment that has not been actually paid over to my wife is to go in equal shares to my two children Adeline M. Haskell and Edmund M. Haskell free and discharged from any trust."

On April 25, 1908, January 31, 1911, June 6, 1912, November 24, 1913, and May 1, 1914, the son, Edmund M. Haskell, made several and distinct assignments of his interest in the estate of Jacob M. Haskell, to secure his indebtedness to the individual defendants George B. Brown, Arthur A. Carey, Thomas J. Broderick, Samuel S. Curry and Charles H. Warren; and notice of such assignments came to the knowledge of the executors and trustees.

On January 31, 1917, the son, Edmund M. Haskell, filed a

voluntary petition in bankruptcy in the District Court of the United States for the District of Massachusetts; on that petition he was duly adjudged a bankrupt, and on December 12, 1917, was discharged. The defendant Robert W. Hill was duly appointed trustee of the bankrupt.

The life tenant, Adeline L. Haskell, died on January 4, 1918, leaving her surviving Edmund M. Haskell and Adeline M. Haskell, the children of the testator named in clause four of the will. At the death of the life tenant the accounts of the executors and trustees show personal property only remaining to be distributed, one half to the son and one half to the daughter, unless other parties are entitled to the whole or part of the share of the son under the assignments above referred to.

The son has made claim to his share of the unexpended fund. He relies upon the seventh clause of the will which provides that "No part of any trust under this will principal income or increment shall be attachable assignable trusteeable or liable to be taken at law or in equity for or on account of any debt obligation or contract of any beneficiary hereunder; but the share I have herein provided such beneficiary should have, shall be transferred and delivered to her or him, as the case may be personally and for her and his sole and exclusive use and benefit." The several assignees contended to the executors and trustees that the several assignments were valid, and demanded that all or a portion of the son's share in the fund be turned over to them. Stating their doubt as to their duty and that they could not safely pay over the share of the son without obtaining the instructions of the court, the executors and trustees prayed the Probate Court to "determine and decree whether the entire share of Edmund M. Haskell in the estate of Jacob M. Haskell and in the trust under his will shall be paid over to the said Edmund M. Haskell and if not to what persons, in what order and in what proportions the same is to be paid."

The Probate Court, after notice and hearing, ruled ". . . under the provisions of said will the trustees were given a fee in the real estate and an absolute title to the personal property included in the trust. The said Edmund M. Haskell therefore had an equitable and not a legal estate in the remainder after the death of Adeline L. Haskell.

"It was the intention of the testator that the share of the trust property given under the will to said Edmund M. Haskell should be transferred and delivered to him personally by the trustees and should not be assignable by him by way of anticipation. His interest in the trust being an equitable interest the restrictions so placed upon it by the testator were valid and the assignments made by said Edmund to the other respondents named in the petition were not effectual to pass any title to Edmund's share in the trust property." The plaintiffs were thereupon instructed upon the settlement of their accounts to pay over and deliver to Edmund M. Haskell his entire share in the trust property.

The defendants Broderick, Brown and Carey appealed to the Supreme Judicial Court. After a hearing the decree of the Probate Court was affirmed and a final decree to that effect entered by order of a single justice of this court. From the last named decree the defendants appealed to the full court.

As restraints on alienation of property by way of spendthrift trusts are void as limitations attached to legal interests, and are valid as respects equitable fees in real estate and interest in personal property, *Boston Safe Deposit & Trust Co.* v. *Collier,* 222 Mass. 390, and cases collected, it follows that the only question for consideration is whether Edmund M. Haskell by the will of Jacob M. Haskell took an equitable interest in or the legal title to the residue of the estate which was devised and bequeathed to the trustees by the fourth clause of the will.

The rule is well established by our decisions that the extent and quality of the estate taken by a trustee is commensurate with the proper execution of the trust. *Newhall* v. *Wheeler,* 7 Mass. 189, 195. *Gould* v. *Lamb,* 11 Met. 84, 87. *Cleveland* v. *Hallett,* 6 Cush. 403, 407. The trustees during the life of the widow had imposed on them by the instrument of trust the duty to hold the residual estate "real, personal and mixed," to repair it and let it, invest and reinvest the proceeds of any sale, collect and receive the income, pay all necessary outgoes upon it, and pay the net income and so much of the principal "as they may think proper" to the widow. These are the terms of an active trust, which require for their accomplishment that the legal title should be in the trustee. *Packard* v. *Marshall,* 138 Mass. 301, 302. This

construction is more consistent with the purpose of the testator as shown by the entire will, than would be an interpretation which vested the legal title in Edmund M. Haskell subject to be divested whenever the trustees should sell the property for investment or reinvestment, or to pay the proceeds of such a sale to the widow in the exercise of their discretion. It follows that Edmund M. Haskell took an equitable and not a legal fee in remainder, and that his equitable interest was inalienable and did not pass to his trustee in bankruptcy or to his assignees. *Munroe* v. *Dewey,* 176 Mass. 184.. *Boston Safe Deposit & Trust Co.* v. *Luke,* 220 Mass. 484.

The entry must be decree of the single justice affirmed.

*So ordered.*