JAMES P. RICHARDSON & another, trustees, vs. ANNIE L.
WARFIELD & others.

Suffolk. March 13, 20, 1925. — May 22, 1925.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Trust*, Construction of trust instrument. *Assignment. Restraint on
Alienation. Devise and Legacy,* "Heirs," Vested interest. *Words,*
"Heirs."

A testator gave the residue of his estate to trustees "to have and hold the
same and to pay over the income to my heirs as often as once in six
months," and provided that the income should be "payable to my
children and their heirs at law, shall not be subject to any assignment,
sale or draft, or order, voluntary or by process at law, and this extends
to all my bequests to my children and their heirs at law, and after the
decease of my children the property is to be divided among my grand-
children share and share alike." The testator had four children, one
of whom died before him leaving two children surviving him. All the
others died after him leaving children, some of whom had been born
after the death of the testator. Some of the grandchildren had died
at the time of the death of the survivor of the children; and one of them
before his death had executed and delivered an assignment of his in-
terest under the trust. On a bill in equity for instructions, it was
*held,* that
   (1) The provision against assignment was valid and the attempted
assignment by one of the grandchildren was ineffectual: the income
which would have been payable to him should be paid to his legal
representative;
   (2) The words "heirs" and "children and their heirs," as used in the
will, meant "children" and "children and their children," respectively;
   (3) The basic testamentary purpose to benefit children and grand-
children which appeared in different parts of the will and codicil was
best accomplished by construing their interests as vested;
   (4) The estate vested in interest at the death of the testator, but the
devise or bequest opened to let in after-born grandchildren up to the
time fixed for distribution;
   (5) The principal of the trust should be equally divided among the
grandchildren living at the time of distribution and the legal representa-
tives of those who had died.

BILL IN EQUITY, filed in the Supreme Judicial Court for
the county of Suffolk on September 15, 1924, by the trustees
under the will of Clement Willis, late of Boston, for instruc-
tions as to the distribution, on the death of the children of the

testator, of accumulated income and the principal of the trust.

The suit was reserved by *Crosby*, J., upon the bill and answer, for determination by the full court. Material facts are described in the opinion.

The case was submitted on briefs.

*E. O'Callaghan*, for Annie L. Warfield.

*W. A. Dane*, for Mary Willis and others.

*D. F. Carpenter*, for George F. West and another.

*J. H. Sherburne*, *W. Powers*, & *D. Needham*, for Kenneth S. Domett.

*F. W. Kaan*, for Edward H. Willis and another.

*D. Stoneman*, *C. S. Hill*, & *F. D. Bonner*, for Charles S. Hill, administrator.

SANDERSON, J. This is a petition by the trustees under the will of Clement Willis, who died June 20, 1889, for instructions as to the disposition of the principal of the trust fund held by them and of certain income which has accumulated in their hands. The clauses of the will providing for the payment of this income and the division of the principal are in the following language: "Tenth. I give to my Trustees hereinafter named all the rest and residue of my property both real, personal and mixed, of every kind and sort, and wherever situated, to have and hold the same and to pay over the income to my heirs as often as once in six months. Eleventh. The real and personal estate given to my Trustees the income of which is made payable to my children and their heirs at law, shall not be subject to any assignment, sale or draft, or order, voluntary or by process at law, and this extends to all my bequests to my children and their heirs at law, and after the decease of my children the property is to be divided among my grandchildren share and share alike."

The testator had four children. His son Edward H. Willis predeceased him leaving two children; Charles J. Willis died in 1895, leaving six children, two having been born after the testator's decease; Henry C. Willis died in 1898 leaving one child; and Mary E. Willis Sparhawk died July 19, 1924, leaving two children. At the time of the death of Mrs. Sparhawk two of the six children of Charles J.

Willis had died: George A. Willis in December, 1922, leaving three children, and Rachel N. Willis, one of the children born after the death of the testator, in 1906. No one has appeared in these proceedings to represent the estate of Rachel N. Willis. After her death the fractional part of the income which she had been receiving was divided among her surviving brothers and sisters. At the time of the testator's death there were nine living grandchildren and when his last surviving child died there were nine surviving grandchildren. In the meantime two grandchildren had been born and two had died. The total number of grandchildren, living and dead, was eleven.

In 1912 George A. Willis assigned to George F. West and Son all his interest in the estate of Clement Willis upon the death of his last surviving child. George F. West and Son have been made parties to these proceedings and are contending that all interest which George A. Willis had in the estate belongs to them. One Kenneth S. Domett also has been made a party, contending that by reason of an agreement between him and George F. West and Son concerning this assignment, he has a claim against the administrator of the estate of George A. Willis which should be determined in this proceeding.

The clause in the will providing that the property given to the trustees should not be subject to any assignment, sale or order, made it impossible for George A. Willis to pass any title by the assignment which he undertook to make. *Broadway National Bank* v. *Adams*, 133 Mass. 170. *Boston Safe Deposit & Trust Co.* v. *Collier*, 222 Mass. 390. The trust was an active one which required for its accomplishment that the legal title should be in the trustees. The title of the beneficiaries was an equitable one and inalienable under the terms of the will. Such a restraint on alienation is valid as to both principal and income, and neither George F. West and Son nor the claimant under them is entitled to share in the estate. *Haskell* v. *Haskell*, 234 Mass. 442.

The trustees have permitted the portion of income which was formerly payable to George A. Willis to accumulate since his death, and they now ask instructions as to its dis-

position and also as to the persons who are to take, and the proportions in which they are to take, the principal of the fund.

The provision that the property is to be divided after the decease of the testator's children means that the whole fund should be divided as of July 19, 1924, the date of death of the last surviving child. *Dole* v. *Keyes*, 143 Mass. 237. Estates are considered vested unless it plainly appears that the testator intended otherwise, and this is especially true where the limitation over is made to children of the testator or his relatives by blood or marriage. *Bosworth* v. *Stockbridge*, 189 Mass. 266. *Minot* v. *Purrington*, 190 Mass. 336. *Porter* v. *Porter*, 226 Mass. 204, 206. *Boston Safe Deposit & Trust Co.* v. *Abbott*, 242 Mass. 92. In the case under consideration the income is made payable to the testator's children and their heirs, while the property, in the end, is to be divided among the testator's grandchildren share and share alike. It is apparent from a reading of the eleventh clause of the will that when the testator used the word "heirs" in the tenth, he meant children; and from reading the two together that he meant his children and their children when he used the words "my children and their heirs" in the eleventh clause. He did not attempt to control the disposition of his estate beyond his grandchildren, nor of the income of it beyond the death of his last surviving child. The record discloses that no great-grandchild was born until after his death. Clause three of the will, which provides for grandchildren at the testator's decease, was held in *Richardson* v. *Willis*, 163 Mass. 130, not to include grandchildren born after the testator's death. The omission in the provision for the final disposition of the property of the words "at my decease" indicates a purpose to include in this clause all grandchildren. The basic testamentary purpose to benefit children and grandchildren which appears in different parts of the will and codicil will be best accomplished by construing their interests as vested. The words "after the decease of my children" do not express a contingency but an inevitable future event. They do not fix the time when the remaindermen will be ascertained or

when their titles spring into existence, but only when the possession and enjoyment of the shares begin. In cases where the testator intends to include in his benefactions all persons who come within the description of grandchildren, not only at the time of his death but up to the time when the property vests in possession, the estate vests in interest at the death of the testator, but the devise or bequest will open to let in after-born grandchildren up to the time fixed for distribution. *Bosworth* v. *Stockbridge, supra. Weston* v. *Foster,* 7 Met. 297. *Blanchard* v. *Blanchard,* 1 Allen, 223. *Hatfield* v. *Sohier,* 114 Mass. 48, 52. *Dole* v. *Keyes,* 143 Mass. 237. *McArthur* v. *Scott,* 113 U. S. 340. The estate vests in such after-born children at their birth. *Weston* v. *Foster, supra. Hatfield* v. *Sohier, supra.* A vested interest in an estate passes upon the death of its owner to his legal representative in so far as it is personal, and to his heirs in so far as it is real property. *Winslow* v. *Goodwin,* 7 Met. 363. *Hatfield* v. *Sohier, supra. Goddard* v. *Whitney,* 140 Mass. 92. *Boston Safe Deposit & Trust Co.* v. *Nevin,* 212 Mass. 232.

The income that accumulated up to July 19, 1924, which would have been paid to George A. Willis, if living, is to be paid to his legal representative. The principal of the trust fund is to be divided into eleven equal parts; one part to be paid to each of the nine living grandchildren, one part to the legal representative of George A. Willis, and one part to the legal representative of Rachel N. Willis. Costs out of the fund as between solicitor and client are to be in the discretion of the single justice.

*Decree accordingly.*