EDITH H. BLANEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 10613.   Promulgated October 31, 1928.

*Allison L. H. Newton, Esq.*, for the petitioner.
*John W. Fisher, Esq.*, for the respondent.

OPINION.

LOVE: The petitioner contends that her assignees under the assignments of February 21, 1921, became substituted beneficiaries of a portion of the trust income to the extent of the respective assignments, and that she, the assignor, ceased to be a beneficiary of the trust to the extent of the portion assigned.

In support of this position it is urged that the assignments irrevocably vested title in the respective assignees to the portions of the trust income assigned prior to the accrual or receipt thereof to or by the petitioner.

The Commissioner, on the other hand, contends that by the assignments the respective assignees were not vested with a present title to the income of the trust, and that, therefore, the income thereof must first become the property of petitioner before it becomes the property of the assignees.

In support of this position, it is urged that the assignments in question, at most, were only executory agreements to transfer the income when accrued to or received by the petitioner, and, as an assignment of future income does not operate as a present transfer, it is essential that it be based on a valuable consideration moving from the assignee.

It is undoubtedly correct that valuable consideration is necessary to support an executory agreement to transfer future income. See *Security Bank of New York* v. *Callahan*, 107 N. E. 385; 220 Mass. 84. But, in this proceeding, we are not concerned with the question of consideration, for the reason that if the assignments in question were executory agreements, as contended by the Commissioner, the income transferred thereby first must have accrued to the petitioner, and no matter how she attempted to dispose of it or did dispose of it, it was taxable to her. On the other hand, if the assignments in question could operate only as executory agreements, as contended by the Commissioner, and failed by reason of the fact that they were based on good, as distinguished from valuable consideration, the transfer of income accrued subsequent to the making thereof was merely a gratuitous or voluntary transfer of income which had accrued to petitioner, on which she was taxable.

We come, therefore, to the question as to whether by the assignments the petitioner vested in the assignees present interests in her equitable life interest in the trust. If present interests were vested in the assignees, consideration for the assignments is immaterial, because the transactions were completely executed.

It will be observed from the terms of the will creating the trust that the petitioner was given an equitable life interest therein, which consisted of *the right to receive* a one-sixth part of the income of the trust. The testator placed no limitation or restriction upon her right of alienation and in the absence thereof it is well settled that such an interest can be dealt with and conveyed if such action is not contrary to statute. 26 R. C. L. 1264. That such an interest may be alienated in Massachusetts is shown by the statement of the court in the case of *Boston Safe Deposit & Trust Co.* v. *Luke*, 108 N. E. 64; 220 Mass. 484, wherein it was said:

Where a will creating a trust to pay income to a beneficiary does not forbid the beneficiary assigning the interest, it is assignable.

And it is clear that a married woman may directly transfer real or personal property to her husband and children. Massachusetts General Laws, ch. 231.

The petitioner having under the law of Massachusetts the right to alienate her equitable life interest—*the right to receive income*—in the trust, we must consider what was the legal effect of the assignments of February 21, 1921.

As above stated, petitioner's interest in the trust was an equitable one for life, consisting of the right to receive income therefrom. It is our opinion that this right to receive income was a present chose

in action of which the petitioner was vested and which was properly the subject of a present transfer in whole or in part. In the case of *Woodward* v. *Snow*, 124 N. E. 35; 223 Mass. 267, the court said, in considering the interests of a life beneficiary of a trust and of his assignee:

The right of Cheney and the right of the assignee to receive the income of the trust fund, was a present, equitable right of ownership which ripened into an ordinary property right when the income accumulated in the hands of the trustees and became payable under the terms of the trust; and was not a right or an assignment of a right in a debt to be created in the future or of the bare possibility of there ever being such a debt. (Citing authorities.)

In the recently decided case of *Young* v. *Gnichtel*, 28 Fed. (2d) 789, the facts, in all pertinent elements, are the same as in the instant case. The contentions of the Government were the same as also were the contentions of the petitioner. Judge Bodine, in rendering his decision sustaining the contentions of the taxpayer, among other things said in his opinion:

Mrs. Young, by reason of the trust created by her father, had a vested property right which could be taken upon execution, and which she could assign and convey. Though she might not be able to bargain with and sell to her husband, she certainly could grant and convey. And there can certainly be no doubt of that where the common law prevails.

Judge Bodine cites with approval the case of *O'Malley-Keyes* v. *Eaton*, 24 Fed. (2d) 436.

We conclude, therefore, that by the assignments in question, the petitioner vested in the assignees present interest in the trust, to wit, portions of her right to receive income, which, under the law of Massachusetts, was a property right and the subject of a present transfer. However, it should be noted that at the time of making the assignments, February 21, 1921, income in the amount of $2.250 had accumulated in the hands of the trustees, which amount was subsequent to that date paid to the assignees. As to this amount, it seems clear that having accrued to petitioner it is taxable to her nothwithstanding the subsequent assignment thereof.

Accordingly, the Commissioner's action in including the amount of $2,250 in petitioner's income for the year 1921 is approved, and his action in including all other amounts paid to the assignees pursuant to the assignments in the years 1921, 1922, and 1923, is reversed.

Reviewed by the Board.

*Judgment will be entered on 15 days' notice, under Rule 50.*