## KING v. UNITED STATES.
### No. 6148.

District Court, D. Massachusetts.
Nov. 4, 1935.

Charles B. Barnes, Jr., for petitioner.

Francis J. W. Ford, U. S. Atty., and J. Duke Smith, Sp. Asst. to U. S. Atty., for the United States.

SWEENEY, District Judge.

This is an action at law to recover a deficiency assessment of income tax for the years 1929 and 1930. The point of law involved disposes of the claims for both years as they are filed under the same circumstances. The plaintiff contends that, since the petitioner had assigned all of her right, title, and interest in a trust fund hereinafter set forth in the agreed statement of facts, and that, not being entitled to income under that trust fund, the income was not taxable to her. The defendant questions the validity of the assignment by the petitioner, and contends that, since the purported assignment was invalid, the income thereunder was income due her within the meaning of section 21 of the Revenue Act of 1928 (26 USCA § 2021).

The court adopts as its findings of fact the following agreed statement of facts:

"It is hereby stipulated by and between the parties hereto by their respective attorneys, that the following facts may be taken as true upon the trial of this case, subject to the right of either party to object, on grounds of irrelevancy or immateriality, to any of the facts herein stipulated, and subject further to the right of either of the parties to introduce other and further evidence not inconsistent with any of the facts herein stipulated to be true.

"On December 1, 1913, the will of Henry P. King, late of Beverly, Massachusetts, deceased, was duly proved and allowed in the probate court for the county of Essex. The said will, in so far as pertinent to this case, contains the following provisions:

"'All the rest and residue of my property of every nature I give to my trustees hereinafter named upon the following trust, to pay the net income thereof to my wife Alice S. King upon her own sole order or receipt for and during her life and after her death to apply so much of said income for the maintenance and education of my son Henry P. King, Jr. as my trustees shall deem necessary adding the unexpended balance of income to principal until he shall have attained the age of twenty-one (21) years and thereafter to pay over to him as much of the net income of said trust fund as in their absolute discretion my trustees shall decide as best for his interests adding the unexpended balance thereof if any to principal until he shall have attained the age of thirty (30) years and after my said son shall have attained the age of 30 years, to pay over to him such part or the whole of the principal of said trust fund at such time or times as my trustees shall in their absolute discretion decide as best for his

interests paying over or withholding (or part each) in their discretion the net income of such part or the whole of said trust fund as shall not have been paid over to him as aforesaid and upon the death of my said son to pay over and distribute such of said trust fund as shall not have been previously paid over and distributed to and among his children in equal shares and/or to their issue by right of representation and in case my said son shall die without leaving issue surviving him .then to my sister Sarah K. Weld or if she shall be not then living to her children in equal shares and/or their issue by right of representation. I also empower my trustees in case my said son shall marry to pay over during his lifetime to or for the benefit of his wife, or children or both such portion or the whole of the income of said trust fund as my trustees in their absolute discretion shall deem best and in such manner as they deem best. Payments of income hereunder are to be made upon the sole order or receipt of the beneficiary without power of anticipation by voluntary or involuntary assignment or otherwise and free from the control of any creditors.'

"The petitioner in this case is the Alice S. King mentioned in said will. The petitioner and the trustees under the said will and Henry P. King, formerly Jr., all executed a certain instrument on April 1, 1920, in these words:

" 'Know all men by these presents

" 'That whereas Henry P. King late of Beverly, Massachusetts, deceased, by his will duly proved and allowed in the Probate Court, County of Essex, December 1, 1913 (Rec. Book 710, page 42) gave all the rest and residue of his property to his trustees upon trust to pay the net income thereof to his wife Alice S. King for and during her life, and after her death for the benefit of his son, Henry P. King, Jr., and upon certain other trusts therein more particularly set forth, and

" 'Whereas said Henry P. King, Jr. has now attained the age of twenty-one (21) years and has married, and I desire to waive in his behalf and release to him absolutely my beneficial life estate under said will,

" 'Now therefore, I, Alice S. King, widow of said Henry P. King, in consideration thereof and of One Dollar and other valuable considerations paid by said Henry P. King, Jr., receipt of which is acknowledged, do hereby waive, release and surrender, and in confirmation of such waiver, release and surrender, do hereby assign, transfer and set over unto the said Henry P. King, Jr., all of my said life estate and all my beneficial interest under said trust, and authorize and direct to the trustees hereunder henceforth to pay over to him the income at such times and in such manner as is provided in said will to be paid to me, and I hereby release and discharge the trustees from all liability and obligation to me under said will, and agree to indemnify them and hold them harmless for all liability or damage which they shall incur for any payments made or acts done in consequence hereof.

" '[Signed] Alice S. King.

" 'In consideration of the foregoing assignment and agreement of indemnity we, William S. Spaulding, John T. Spaulding and Edward M. Weld, Trustees under the will of Henry P. King, hereby accept said waiver and assignment and agree to be governed thereby so far as is consistent with the terms of said will.

" '[Signed] William S. Spaulding
" '[Signed] John T. Spaulding
" '[Signed] Edward M. Weld

" 'In consideration of the foregoing I, Henry P. King, (formerly Henry P. King, Jr.) hereunto set my hand and seal in token of my assent thereto and acceptance thereof.

" '[Signed] Henry P. King. [Seal.]
" 'April 1, 1920.'

"Said Henry P. King, Jr., was born on January 12, 1898, and is now known as Henry P. King. In pursuance of said instrument, the said trustees in the years 1929 and 1930 paid over all the net income from the said trust to the said Henry P. King. The petitioner did not include the said income in her federal income tax returns for the calendar years 1929 and 1930. With respect to the petitioner's federal income tax for the calendar year 1929, a deficiency assessment of $4,540.26 was assessed to the petitioner on account of the said income from the said trust for the year 1929. A like deficiency was assessed against the petitioner for the year 1930 in the amount of $2,175.62 on account of the income from the said trust during the year 1930.

"The petitioner is and has been at all material times a citizen of the United

States and a resident of Beverly in the commonwealth of Massachusetts. The petitioner paid the above-mentioned deficiency assessment for the calendar year 1929 on May 18, 1932, and later on August 9, 1932, the petitioner paid $606.65 as interest assessed on said deficiency for 1929. The petitioner paid the amount of the deficiency assessment for the calendar year 1930 on July 1, 1932, and later on August 12, 1932, paid $176.58 as interest assessed on said deficiency for the calendar year 1930. All the aforementioned payments were made to Thomas W. White, collector of internal revenue at Boston, Mass., who was no longer in office as collector of internal revenue when the present petition was brought. On April 17, 1933, petitioner filed claims for refund for the tax years 1929 and 1930 in the respective amounts of $4,540.26 with interest, and $2,175.62, with interest. The said claims for refund alleged the same grounds for the redetermination of tax liability of the petitioner as were set forth in the petition in this case. The petition was filed within two years of the disallowance of the respective claims for refund."

Under these facts it is clear that the decision in this case must turn on the right of the petitioner to alienate the income provided for her by the trust fund.

■ In deciding this question, this court is bound by the Massachusetts decisions as to the validity and construction of a spendthrift trust. Warburton v. White, 176 U. S. 484, 20 S. Ct. 404, 44 L. Ed. 555; Freuler v. Helvering, 291 U. S. 35, 45, 54 S. Ct. 308, 78 L. Ed. 634.

■ It has long been the settled rule in Massachusetts that a testator may, in creating an equitable interest in a trust fund for another, impose such limitations on the right to alienate or anticipate the fund as may be deemed necessary and to restrict the fund created from the direct or indirect attachment of creditors. Broadway National Bank v. Adams, 133 Mass. 170, 43 Am. Rep. 504; Boston Safe Deposit & Trust Co. v. Luke, 220 Mass. 484, 108 N. E. 64, L. R. A. 1917A, 988; Haskell v. Haskell, 234 Mass. 442, 125 N. E. 601.

■ In construing a trust created by a will, recourse must be had to the intent of the testator as expressed in the will. In the instant case the testator set up a spendthrift trust providing that the beneficiary was "without power of anticipation by voluntary or involuntary assignment." Considering the instrument as a whole, it seems obvious that the testator intended to create a trust, the income of which would be paid to the petitioner during her lifetime. Plainly it was intended that she would not have the right to receive other than the income from this fund as it matured, and was without the power to dispose of her future interest in the fund by assignment or otherwise.

The petitioner argues that the prohibition against anticipation by assignment does not in any way limit the power to assign, and that, since the power to assign was not denied to her, the conveyance of her interest in the trust to her son was valid. It is difficult to follow this line of argument. Anticipation is defined as "used in the present for what is to accrue; dealing with income before it is due." Words and Phrases, Second Series, vol. 1, p. 216. The testator particularly set up a limitation against the right of the beneficiary to anticipate or dispose of her future income. He particularly provided that she could not dispose in the present of her future interest. To hold that the assignment here is valid would in effect run counter to the intent of the testator.

The contention of the petitioner that she was in effect merely releasing the trustees from the further obligations of making payments to her under the trust falls to the ground by the force of its own weight, when reference is made to the fact that she directed the trustees to pay her future income to her son.

The third contention of the petitioner is that the assignment, if not good as a present assignment, was nevertheless a binding and unconditional contract under which the petitioner never had an equitable right to the income. It is unsound in the light of the foregoing. Under a valid spendthrift trust, such a contract would be invalid. It could not be valid as an assignment of a future interest, for the right of anticipation was particularly denied this petitioner.

In view of this decision, it is not necessary to pass on the respondent's requests for rulings. The petitioner's requests for rulings in so far as they are consistent with this opinion are granted; in so far as they are inconsistent with this opinion, are not granted.

The action is dismissed.