B. M. C. Durfee Trust Company, trustee, *vs.* Anna O. Wixon Taylor & others.

Bristol. October 24, 1949. — January 5, 1950.

Present: Qua, C.J., Ronan, Wilkins, Spalding, & Counihan, JJ.

*Devise and Legacy*, Class. *Rule against Perpetuities. Words,* "Between."

Respecting a clause of a will of a testator who was survived by two grandchildren, directing that income of a trust fund should be paid to "my grandchildren" until they should become twenty-five years of age, when the principal was to be divided "between" them, with provisions that in case of the death of "any" of the grandchildren under that age his or her share of the principal should go to his or her issue or to the "remaining grandchildren," depending on whether or not he or she left issue, and a provision for disposition of the fund in case "all" the grandchildren should die without issue under that age, it was held that grandchildren born after the testator's death were entitled to share in the income of the trust fund as well as the two grandchildren living at his death.

The rule against perpetuities was not violated by provisions of a will whereby not only grandchildren of the testator living at his death, but also each grandchild thereafter born, at birth acquired a vested right to share in the income of a trust fund payable to "my grandchildren . . . until they become" twenty-five years of age; and it was immaterial that the children of the testator upon whose lives the closing of the class of grandchildren depended took no interest in the income.

Respecting a testamentary trust fund in whose income each grandchild of the testator had a vested right to share "until they become" twenty-five years of age, when the trust was to terminate and the trust fund was to be divided, each periodic distribution of income should be made, not to "the grandchildren . . . living at the time of" that distribution, but equally to the grandchildren then living and the personal representatives of grandchildren then deceased.

Petition for instructions, filed in the Probate Court for the county of Bristol on December 3, 1948.

The case was heard by *Fuller*, J.

*M. A. Westgate*, stated the case.

*A. W. Blakemore*, for the respondent Louise N. Wixon, guardian.

*A. E. Seagrave*, for the guardian ad litem.

Spalding, J. Walter J. Wixon died on August 13, 1942,

leaving a will which was duly proved and allowed. The third clause of his will reads as follows: "I give $5,000 to the B. M. C. Durfee Trust Co. of Fall River, Mass. in trust . . . to pay over to my grandchildren, quarterly, the net income therefrom, until they become 25 years of age, at which time the principal, discharged of all trust, is to be divided between them. In case any of these children [*sic*] should die before becoming 25 years of age, without issue, then the total amount of this trust fund shall go to the remaining grandchildren. If any of these grandchildren should marry before reaching 25 years of age, and die leaving issue, then their proportionate share will go to their issue, remaining in trust until they become 25 years of age. If all of the grandchildren should die before reaching 25 years of age, and leave no issue, then this trust fund shall be divided between Samuel J. Wixon and Anna O. Wixon."

The testator was survived by his widow and his son, Samuel, and his daughter, Anna, and two grandchildren, the children of Samuel by his first wife, Louise N. Wixon. Samuel obtained a divorce from Louise, which became absolute on November 21, 1947. In January, 1948, he remarried and at the time of the hearing in the court below his wife was expecting a child. On March 2, 1948, a son, Robert Wixon Taylor, was born to the testator's daughter, Anna, who had married after the date of the will. At the time of the hearing she was with child.

After finding the foregoing facts, the judge found that the testator was fond of children; that he was kind and attentive to the two grandchildren whom he knew; and that he "particularly spent a great deal of time with his grandson, Walter J. Wixon 2nd, taking him for walks, playing games with him, and participating in other activities" with him.

The petitioner seeks instructions as to whom and in what amounts the gift of income under the third clause is payable. It also requests similar instructions with respect to the distribution of principal under that clause. Louise N. Wixon appeared and answered as guardian for her two children,

Walter J. Wixon 2nd and Jean Pearce Wixon. Robert Wixon Taylor and persons unborn and unascertained were represented by a guardian ad litem. A decree was entered instructing the petitioner to "pay the income of the trust estate in equal shares to the grandchildren of the testator living at the time of each quarterly distribution provided for by said will who are under 25 years of age." The judge declined instructions with respect to the distribution of principal on the ground that the petitioner was under no present duty to distribute it. Louise N. Wixon, as guardian for her two children, appealed.

Rightly no contention is made that the judge erred in limiting his instructions to the petitioner's present duties. See *Hill* v. *Moors*, 224 Mass. 163, 165; *Flye* v. *Jones*, 283 Mass. 136, 138. The controversy here is between the guardian of the grandchildren who were born prior to the testator's death and the guardian ad litem of the after-born grandchildren. The sole question argued is whether after-born grandchildren can share in the income of the trust created under the third clause of the will. We confine our decision to this question. Reading the third clause in the light of established principles of construction, we are of opinion that it manifests an intention to include after-born grandchildren. The will is inartificially drawn. At the outset the third clause makes a gift of income to "my grandchildren" with no limiting or qualifying words. It is true that later in the same sentence there is a provision that when "they become 25 years of age . . . the principal . . . is to be divided *between them*" (emphasis supplied). While the word "between" generally is used in connection with two persons or objects, that is not always the case; there are times when it is used as the equivalent of "among" and we think that it was used in that sense here. See *Spencer* v. *Adams*, 211 Mass. 291, 295. The following sentence goes on to provide that "*In case any of these children*"[1] should die without issue before attaining the age of twenty-

---

[1] The use of the word "children" here is an obvious error.

five "then the total amount of this trust fund shall go *to the remaining grandchildren*" (emphasis supplied). Had the testator intended to provide for only two of his grandchildren the expressions, "either grandchild" and "remaining grandchild," respectively, in place of the italicised words would have been more apt. Later on in the third clause there is a gift over to the testator's two children "If *all* of the grandchildren" should die before attaining the age of twenty-five, rather than if "both" of them should die before that age. Indeed the only word in the third clause which lends any support to the contention that after-born grandchildren were to be excluded is the word "between" mentioned above. Neither the use of that word nor the findings to the effect that the testator was fond of the two grandchildren who were living during his lifetime are sufficient to overcome the other language in the third clause which, in our opinion, clearly manifests an intent to provide for all of his grandchildren. "A manifested intent is not to be thwarted by attaching a 'hard and fast meaning to particular words apart from their connection and the atmosphere of the instrument in which they are used.'" *Bramley* v. *White*, 281 Mass. 343, 349.

The gift of income to after-born grandchildren does not, as the appealing guardian argues, violate the rule against perpetuities. The gift was to the petitioner in trust "to pay over to my grandchildren, quarterly, the net income therefrom, until they become 25 years of age." Each grandchild living at the testator's death then became entitled to a share in the income and each after-born grandchild becomes entitled to a share therein at birth, provided, of course, he is born before the eldest grandchild reaches the age of twenty-five, at which time the class would close. *Hubbard* v. *Lloyd*, 6 Cush. 522. Simes, Future Interests, § 382. Restatement: Property, § 295, comment j. At the testator's death, or, in the case of after-born grandchildren, at birth, the interest of each grandchild in the income would be vested even though the bequest would open from time to time to let in other grandchildren. *Rich-*

*ardson* v. *Warfield*, 252 Mass. 518, 522. See *Fosdick* v. *Fosdick*, 6 Allen, 41, 43–44; *Hatfield* v. *Sohier*, 114 Mass. 48, 52–53; *Hall* v. *Hall*, 123 Mass. 120, 124; Gray, Rule Against Perpetuities, §§ 110, 110.1. Obviously any grandchild of the testator would have to be born during the lifetime of his children Samuel and Anna. Thus the class of necessity would close during lives that were in being at the testator's death. That Samuel and Anna take no interest in the income is of no consequence. The measuring lives which are to be considered on the question of remoteness under the rule against perpetuities need not be designated in the instrument and need not be holders of prior estates. "For the purpose of sustaining a limitation, reference may be made by the Court to the lives of any persons living at the testator's death, whose lives have a necessary relation to the event on which the limitation vests, whether or not those persons take any interest in the property . . . or are mentioned in the will." Gray, Rule Against Perpetuities, § 219.2, note 2. Restatement: Property, § 374, comment j. See Leach, Perpetuities in a Nutshell, 51 Harv. L. Rev. 638, 641.

The final decree, however, must be modified. As it now reads it gives the income only "to the grandchildren of the testator living at the time of each quarterly distribution . . . who are under 25 years of age." Since, as we hold, the interests of the grandchildren in the income are vested, it follows that the share of the income to which any grandchild would be entitled would, in the event of his death, pass to his legal representative. *Richardson* v. *Warfield*, 252 Mass. 518, 522. Accordingly the decree should be modified by striking out paragraph 1 thereof and substituting therefor the following: The petitioner shall pay the income of the trust estate in equal shares to such of the grandchildren of the testator as are living at the time of each quarterly distribution provided for by said will and to the personal representatives of such of said grandchildren as are deceased. As so modified the final decree is affirmed. Costs and expenses of appeal are to be in the discretion of the Probate Court.

*So ordered.*