FRANCIS COX & wife *vs.* JAMES B. CURWEN & others.

Essex. Jan. 29. — Sept. 3, 1875. AMES & ENDICOTT, JJ., absent.

A. by indenture conveyed all the property inherited from his father to B. in trust to retain and hold it during the life of A., to convert the real estate into personalty to render accounts to him annually, and to pay to him from time to time the income, and, if necessary, part of the principal at the discretion of the trustee, for the benefit of A. and his daughter, and after his death to transfer all the estate then remaining to his "legal representatives." *Held*, that there was nothing in the indenture to show that the words "legal representatives" were intended to have other than their ordinary meaning, "executors and administrators," and, A. having devised the residue of the estate, that the trust estate should be conveyed by B. to A.'s executor to be distributed according to the terms of the will.

BILL IN EQUITY by Francis Cox and Ellen A. Cox, his wife, alleging the following facts :

Henry Barr, the father of the female plaintiff, by deed dated October 25, 1832, and duly recorded, conveyed to John Russell all the real estate owned by him, described in the deed as the same formerly owned by his father, and inherited by him as an heir at law, upon the uses and trusts set forth and declared in a certain indenture of even date, executed by him and Russell. By the indenture, which was not recorded until March 3, 1874, Barr conveyed to Russell all his real and personal estate inherited from his late father, and then in the hands of Russell as administrator of his father, " together with the real estate conveyed by said Henry to said Russell by deed poll of even date with these presents," upon the following uses and trusts : " that he the said Russell, his administrators or executors, shall during the lifetime of said Henry retain and hold the same property ; and that as soon as said Russell deems expedient, he will for the most he can get sell and convey said real estate, and as to the proceeds thereof, and all the said personal estate he shall place out at interest, and keep the same invested in safe stocks or securities, and from time to time as he may think judicious will change such investments · and in all such certificates of stock or securities will cause it to be expressed that he holds the same as trustee, and further that said Russell shall keep a true and exact account of this trust, and shall annually or oftener render to said Henry a minute and full account of all said trust moneys, income and expenses, stating the manner and places in which the same is invested, and further

that he, the sa.d Russell, shall from time to time, according to the necessities and reasonable occasions of said Henry, either pay to said Henry any part, or all the income arising from said trust moneys, and if necessary any part of the principal thereof, in such manner as he, the said Russell, may judge will most conduce to and promote the comfort, subsistence and happiness of said Henry and his daughter; and after the decease of said Henry, will transfer, convey and pay to his legal representatives all the estate then remaining in the hands of said Russell; the said Russell during all said time of said trust to receive a reasonable compensation for his services and to be responsible for no losses, unless caused by misfeasance or malfeasance."

John Barr, the father of Henry, died on April 3, 1832, and administration was granted to Russell, on his estate, September 11, 1832.

On June 16, 1836, Henry Barr died, and by his will dated June 9, 1836, duly proved and allowed by the Probate Court on August 16, 1836, he gave all the residue of his estate to said Russell in trust, to invest and keep the same at interest during the lifetime of his daughter, Ellen Augusta, and to pay her from time to time the interest and income thereof for her own use, and, if necessary for her comfort and support, any part of the principal, and after her decease to pay the same to her lawful issue; but if she should die leaving no issue, then to the Salem Marine Society, to be by them in trust applied towards the building, erecting and supporting a Bethel church in Salem, for the accommodation of seamen, to have the gospel preached to them.

Russell on August 16, 1836, was duly appointed executor, and in April, 1837, was also appointed trustee under the will.

Between the day of the date of the deed and indenture and the day of his death, Henry Barr acquired no other estate, real or personal. The indenture was in the possession of Russell and his administrator, until about January 1, 1874, and the plaintiffs were ignorant of its existence until about that date.

After the death of Henry Barr, Russell, holding the estate in trust under said indenture, returned an inventory of the same estate to the Probate Court as executor under said will, and afterwards an inventory thereof as trustee under said will. Russell afterwards died, and successive trustees under the will were ap-

pointed, the defendant, Curwen, being appointed on December 12, 1871, and he now holds that office.

At the decease of Henry Barr, Ellen Augusta was a minor under the age of eleven years, her mother having died before the date of said indenture; she was the only child and sole heir at law of Henry; the plaintiffs were married on July 2, 1846, and there is no issue of Ellen Augusta living.

The bill alleged that, by the terms of the indenture, at the death of Henry Barr, Ellen Augusta became entitled to all the estate in the hands of John Russell, which estate is now in the hands of Curwen, as her own property. The prayer of the bill was that Curwen be ordered to convey and pay over to the female plaintiff all the estate held by him as trustee, discharged of all trusts, and for further relief.

The defendants demurred to the bill, and the case was reserved by *Colt*, J., on the bill and demurrer, for the consideration of the full court.

*J. A. Gillis*, for the defendants.

*G. Wheatland*, for the plaintiff.

GRAY, C. J. The property in question was the property of Henry Barr, and was conveyed by him by the indenture of 1832 to John Russell in trust to retain and hold it during the lifetime of Barr, to convert the real estate into personalty, to render accounts to him annually, to pay to him from time to time the income, and, if necessary, part of the principal, at the discretion of the trustee, for the benefit of Barr and his daughter, and after his death to transfer all the estate then remaining to his " legal representatives."

It is admitted that the ordinary meaning of the words " legal representatives " is " executors and administrators ; " and we are of opinion that there is nothing in the terms of this indenture to induce the court to attribute to the settlor an intention that they should have any other meaning, or afford any rule for the distribution of the estate after his death, or affect his right to dispose of it by will. Upon his death, therefore, it was the duty of the trustee to convey the property to his executor to be distributed according to his will. *Smith* v. *Barneby*, 2 Collyer, 728. *In re Crawford's Trusts*, 2 Drewry, 230. *Alger* v. *Parrott*, L. R. 3 Eq. 328. *Mackenzie* v. *Mackenzie*, 3 Macn. & Gord. 559. *In re Best's Trusts*, L. R. 18 Eq. 686.          *Bill dismissed.*