Bichardson, J.,
delivered the opinion of the court:
This motion to dismiss the petition is made by the defendants to obtain the j ndgment of the court upon the question whether or not the claimants are the proper parties to bring the action upon the facts set out in the petition.
*425 The facts alleged are substantially as follows :
The claimant’s father, Benjamin Chaplin, was the owner in fee-simple of a parcel of land in Saint Helena Parish, Beaufort district, South Carolina, upon which a direct national tax was assessed under the provisions of the act of August 5,1861, chapter 45 (12 Stat. L., 304), and the act of July 7,1862, chapter 98 (12 Stat. L., 422).
The tax not having been paid, the whole property was advertised to be sold for non-payment thereof, and was bid off at the public sale in March, 1863, by the United States, under the provisions of said acts, for tlie sum of $102.99, more than enough to satisfy the tax, cost, charges, and commissions. The defendants thereby acquired title to the property, and became bound, by the terms of section 36 of said act of 1861, to hold such surplus, in the language of the act, “for the use of the owner or his legal representative^, until he or they shall make application therefor to the Secretary of the Treasury, who, upon such application, shall, by warrant on the Treasury, cause the same to be paid the applicant.” (Taylor’s Case, 14 C. Cls. R., 339, affirmed on appeal, 104 U S., 216; Lawton’s Case, 18 C. Cls. R., 595, affirmed on appeal, 110 U. S. R., 146).
Said Benjamin Chaplin died March 16, 1874, without having •made application to the Secretary of the Treasury for the payment to him of said surplus. The present claimants are his sole heirs at law, and as such have demanded payment from the Secretary of the Treasury, who has refused their application, and they now bring this action. The question is whether the “legal representatives” for whose use the United States are to hold the surplus of the proceeds of sales in such cases are the heirs at law who inherit the real estate, or the executors or administrators who take the personal estate of the deceased.
In a simple case of this kind, where there was no trust, and no other interest in the property than that of the claimants’ ancestor, when the sale was made, we have no doubt.that the surplus due to the sole owner of the property in fee was personal estate, and on his death passed to his legal personal representatives, who are his executors or administrators, and not to his heirs at law.
The right to the money in the Treasury was a chose in action, a claim against the United States, which the claimant’s father *426 might have enforced by application to the Secretary or by suit in this court. Such a demand was personal and could not be held, even in equity, to be subject to the law of real estate merely because it was the proceeds of the sale of realty.
At the time of the sale the claimants had no interest in the estate, either equitable or otherwise. They were strangers to the property of their father until his death. Then the real estate of which he died seized and possessed, in the absence of a will, passed to them, but they acquired no rights as heirs at law to the proceeds of land sold by him during his lifetime.
The motion is sustained.
In the case of Thomas G-. White, administrator of W. O.P. Fripp, a similar motion in a like case was overruled at the same time, because it was held that the action was rightly brought in the name of the administrator.