Weldon, J.,
delivered the opinion of the court:
This suit is brought by the claimant, as administrator of Henry Adams, to recover two distinct sums of money, to wit: $51.70, being amount due the deceased for services in the Navy, and the sum of $428.62, due the estate of decedent as the share allotted to the “ legal representatives ” of said decedent under *278 the act of February 22, 1883, in relation to the “ Japanese indemnity fund.”
To the first item the defendants interpose the statute of limitations.
The statute of limitations is a sufficient answer to the plaintiff’s demand for the balance due his decedent for services as a seaman in the Navy.
The claimant had a right to sue more than six years prior to the bringing of this suit; and that being true, his right was barred at the time the present action was commenced.
To the claimant’s right to recover the second amount it is insisted that he is not the “legal representative,” within the meaning of the act of February, 1883 ; but that the heirs of Henry Adams are the proper parties to receive and recover the sum awarded under said act.
Upon the decision of the legal signification of the term “ legal representatives” depends the proper solution of the question involved in this controversy.
The term “legal representative” is not of uniform interpretation. It may mean those who succeed to the inheritance of an estate, or it may mean those upon whom the law devolves the legal capacity of an administrator or executor. If the money appropriated by the act of 1883 was intended by Congress as a mere personal gratuity to Adams if living, and in •case of his death to his heirs, as a class of persons, they taking in their own right and not by inheritance, then the administrator would, by virtue of his office, have no control or jurisdiction of the fund; but the same would pass by direct appointment of law to the heirs as a class, taking in their own aigbt.
The ordinary meaning of the words “representative,” “legal representative,” “ personal representative,” is, that they refer to the person constituted representative by the proper court, and the onus is upon those attempting to maintain a different construction to show a different meaning. (2 Jarman on Wills, 120; Holloway v. Clarkson, 2 Hare, 523; 118 Mass., 198; Bouvier Law Dictionary, vol. 2, 410-576.)
In the absence of anything appearing in the context, those words found in a statute or written instrument must be held .as meaning the administrator or executor. The heir is not *279 technically a representative of the deceased unless made so by express appointment or reasonable intendment.
He succeeds to property and legal rights by inheritance, and takes the estate because of the death of the owner. The heirs inherit property subject to the equitable rights of the creditors, because the law devolves the same upon them, as succeeding to the rights of property upon the death of the original owner; but the administrator or executor represents the original owner in the settlement of his estate.
We are referred by the Attorney-General to the case of the heirs of Emerson (13 Peters, 409) in support of the contention made by the government in this case. We have examined that case carefully, and while it construes the words “legal representatives” as meaning the heirs, there is in the title of the act a clear and unequivocal indication as to who the term. “ legal representatives ” intends to describe. It is true that the Supreme Court reasoned that, from the nature of the fund and the character of the grant, the heirs and not the .administrator were meant; but the decision was on a statute the very terms of which indicated the character of the person who was to be the recipient of the grant. The word “ heirs” being used in the title is in itself sufficient to indicate that the heir and not the administrator took by the terms of the grant.
The meaning of the words “ legal representatives,” as used in a statute of the United States, with no qualifying expressions, has been construed and interpreted by this court in two cases — Chaplin et al. v. United States, and Swan et al. v. The United States (19 C. Cls. R., 424, 50).
If the grant is a mere gratuity, it does not follow from that fact that Congress intended that the heirs, and not the administrator, should take by the grant.
If the decedent was in debt, and at the time of his decrease there were equitable claims against the government, which by the enactment of the law of 1883 became a legal right to some person succeeding him, and it is not definite as to who shall take, it is no unreasonable construction that the allowance goes into the hands of his administrator, to be distributed according to the laws of his domicile.
The local probate courts having jurisdiction of estates are much better qualified to determine questions of inheritance than the officers of the Treasury Department, who are not pre *280 sumed to know the laws of inheritance as they are changed and modified by the local laws of the different States.
Courts must construe words in their ordinary and common acceptation, and by that rule we must hold that, under the law of 1883, the administrator is entitled to receive the money as the legal representative of Henry Adams. The claimant comes before this court clothed with the legal authority of administrator under the laws of Pennsylvania, where the decedent resided and died, and it is therefore the judgment of the court that he recover the sum of $428.30.