Weldon, J.,
delivered the opinion of the court:
This is a proceeding to recover a surplus growing out of a sale for taxes under the act of August 5,1861, entitled “An act to provide increased revenue from imports to pay interest on the public debt, and for other purposes,” and the act of July 7, 1862, entitled “An act for the collection of direct taxes in insurrectionary districts within the United States,” and the act of February 6, 1863, entitled “An act to amend an act entitled 1 an act for the collection of direct taxes in insurrectionary districts within the United States, and for other purposes.’” The claim is for the surplus of the sale of a lot in the city of Memphis, Tenn., which belonged to the petitioner, as shown in Finding I.
The property sold for $360. The amount of tax charged against it was $10.50, the amount of penalty $5.25, amount of interest 39 cents, amount of cost charged $2.50, leaving a balance of $341.30; and for the recovery of that amount this proceeding was instituted.
The findings show that the property was sold to James Boyn-ton for said sum of $360; that a tax-sale certificate, No. 478, *306 was issued to the purchaser in June, 186b; that said certificate-was assigned by Boynton, and re-assigned to J. B. Wetherill,. who took possession of the property ton January 12, 1866.
The claimant, on the 15th of February, 1866, brought an action against Wetherill for the recovery of land, which upon the petition of Wetherill was removed to the circuit court of the-United States for that district. While said suit was pending, to wit, on the 11th of February, 1873, the claimant by warranty deed conveyed the premises to William G. Wilkins, and on the 22d of February, 1873, the said Wetherill, in consideration of the sum of $554.75, conveyed all his title to the property in question ; whereupon the suit of Cromwell v. Wetherill in the-United States court was discontinued. On May 25,1884, the claimant made application to the Secretary of the Treasury for the said sum of $341.36, and payment was refused. The question of law arising on the facts of the record have been fully considered not only by this court but also by the Supreme Court. In the case of Irene Taylor’s Administrator v. The United States (14 C. Cls. R., 339), the right of the claimant to recover in a case like the one at bar was recognized by the judgment of the court, and on appeal to the Supreme Court the right was affirmed.
The Supreme Court in the decision of the Taylor Case (United States v. Taylor, 104 U. S. R., 221) said: “ The thirty-sixth section of the act of 1861 required, as we have seen, the surplus proceeds of the sale of land for taxes to be deposited in the Treasury, to be there held for the use of the owner, or his legal representatives, until he or they should make application therefor-to the Séeretary of the Treasury, who, upon such application, should by warrant on the Treasury cause the same to be paid to the applicant.”
This court has held that the surplus is a chose in action, and must be regarded as personal property, though derived from an enforced sale of realty. (Chaplin v. The United States, 19 C. Cls. R., 424; Chisholm v. The United States, 19 id., 435; Graham, Administratrix, v. The United States, 21 id., 47.)
The fact that the claimant sold the land upon which the tax was assessed, after the sale by the commissioners, because of the delinquency in the payment of the tax, will not deprive him of the right to maintain a suit for the surplus. The surplus did not pass to Wilkins by the conveyance to him from Cromwell, because it was not an incident to the land at the time;. *307 and the fact that Cromwell would be liable to his grantee for a failure of title would not make the right to the surplus an incident to the estate. It was not a rent due and payable after the grant, but a complete and perfect right, maturing in the form of a chose in action, before the grant was made. Nothing passes with the land, which has, at the time of the grant, matured into- a complete right, and does not arise thereafter out of the land. The sale of the reversion of the landlord carries the future rent, but not the rent due at the time of the sale, because as to that the right of the grantor is distinct from the thing granted. (Walker’s American Law, 315.) If the right to the surplus was susceptible of being assigned and passed by the deed to Wilkins, then it was reconveyed to the claimant by the assignment of Wilkins about the time the. deed was executed. The fact that the claimant sought to defeat the title given to the assignee of Boynton will not affect his claim to a recovery in this case. The findings show that. his assignee paid the sum of $554.75 to relieve the estate from the incumbrance cast upon it by the proceedings of the United States commissioners, and he being liable on his covenants of warranty, it is safe to assume that the claimant paid that sum in order to relieve himself, upon his covenants of title. The-grantee of the United States took possession of the land as. against the claimant, and then voluntarily sold his title to the, grantee of the claimant, at a considerable advance on his original investment.
It is not within the power of the United States to deny the-legality of the sale and the validity of the title. The claimant • lost possession of his land, had the character of his title im-paired by the proceedings, and his grantee was compelled to' buy an outstanding claim in order to recover possession of the! premises and perfect the estate as a fee in himself. The United! States were only entitled to their tax, interest, and cost, and beyond that they became and were a trustee holding the surplus subject to the rights of the claimant. The Government as a trustee can not question the title of the cestui que trust upon the ground that he sought to resist the validity of the proceedings. The title was effective against claimant, first in dispossessing him of the possession of the land, and secondly, in compelling his grantee to purchase the title from the grantee of the Government. Judgment for $341.36.