COMMISSIONER OF CORPORATIONS AND TAXATION *vs.*
J. WARREN ALFORD & others, trustees.

SAME *vs.* SAME.

Suffolk.   January 10, 1933. — February 16, 1933.

Present: RUGG, C.J., PIERCE, WAIT, DONAHUE, & LUMMUS, JJ.

*Trust,* Construction of instrument creating trust. *Devise and Legacy,*
Vested or contingent interest, Remainder. *Tax,* On income.

A will set up a trust to pay the income to the testator's daughter during
her life and thereafter to three named children of the daughter, the
trust to continue for twenty years after the death of the survivor of
said grandchildren.   Further provisions of the will were that, if any
grandchild should die leaving no issue, the net income of his share in
the trust funds should be paid over equally among the surviving grand-
children and the issue of any deceased grandchild until the termination
of the trust;   that, in case any issue of a deceased grandchild should die
before the termination of the trust, his share in the trust funds should
be held in equal shares for the benefit of the remaining issue of such
deceased grandchild until the termination of the trust;   that, if all the
issue of a deceased grandchild should die before the termination of the
trust, the share of such deceased grandchild should be held in equal
portions for the benefit of the surviving grandchildren and the issue of
any deceased grandchild;   that, on the death of any grandchild leaving
issue, his share of the trust funds was to be held in equal proportions
for the benefit of the issue until the termination of the trust;   and that
at the termination of the trust the trustees should "pay over . . . to
such issue the share of the principal of said trust funds then held for the
benefit of such issue."   *Held,* that the remainder interests under such
provisions vested in the issue of the grandchildren as soon as they were
*in esse* and ascertained, although those interests were subject to being
diminished by the birth of other issue or divested by death before the
termination of the trust.
In a certain year after the death of the testator who made the will above
described, the following were alive and were all inhabitants of another
State: the testator's daughter, two of the three grandchildren and five
great-grandchildren, four of whom were children of the living grand-
children and the fifth of whom was a child of the deceased grandchild.
In that year the trustee sold securities at a gain and held the income so
resulting for future distribution under the terms of the will.   *Held,* that
   (1) In the year in question the entire remainder was vested in the
five living great-grandchildren and the income was accumulated for
their benefit;

(2) The five great-grandchildren were not "unborn or unascertained persons or persons with contingent interests," as those words are used in G. L. c. 62, § 10;

(3) The five great-grandchildren not being inhabitants of the Commonwealth during that year, the income so received and held by the trustee was not taxable under G. L. c. 62, § 10.

TWO APPEALS, filed by the commissioner of corporations and taxation in the Supreme Judicial Court for the county of Suffolk on November 9, 1932, from decisions by the Board of Tax Appeals granting petitions by taxpayers for the abatement of certain taxes on income.

Material facts are stated in the opinion.

The cases were submitted on briefs.

*J. E. Warner*, Attorney General, & *C. F. Lovejoy*, Assistant Attorney General, for the commissioner of corporations and taxation.

*H. R. Bygrave*, for the taxpayers.

PIERCE, J.   These are appeals taken by the commissioner of corporations and taxation in two cases heard together by the Board of Tax Appeals.   The cases are the same except that they involve taxes in different years.   Resident trustees under a domestic trust sold securities at a gain and held the income so resulting for future distribution under the terms of the will.   The commissioner ruled that the gains were taxable as "Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests," as those words are used in G. L. c. 62, § 10.   The trustees contend and the Board of Tax Appeals held that the interest in the trust *res* including the gains here in question was vested in ascertained persons who were not inhabitants of this Commonwealth.

At the hearing before the Board of Tax Appeals the commissioner requested the following rulings: "1. Upon all the evidence in this case the appellee as matter of law is entitled to a decision.   2. The excess of gains over the losses received by the appellants from purchases or sales of intangible personal property was not income payable to or accumulated for persons not inhabitants of the Commonwealth within the meaning of G. L. c. 62, § 8 (d).   3. The

excess of gains over the losses received by the appellants during the calendar year [1928] 1929 from purchases or sales of intangible personal property was income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests within the meaning of G. L. c. 62, § 10, prior to its amendment by St. 1931, c. 456."

The will of Janet B. Casey, late of this Commonwealth, gave to her trustees the residue of her estate in trust to pay to her daughter, Grace W. Elms, the net income thereof for life, and after her death to pay the net income equally to her grandchildren, Leonard Brooks Elms, James C. Elms, junior, and Grace Louise Elms, for their lives. The trust was to last for the lives of the three grandchildren and for twenty years after the .death of the last survivor of them. It was further provided that if any grandchild should die leaving no issue the net income of his share in the trust funds should be paid over equally among the surviving grandchildren and the issue of any deceased grandchild by right of representation until the termination of the trust; that in case any issue of a deceased grandchild should die before the termination of the trust his share in the trust funds should be held in equal shares for the benefit of the remaining issue of such deceased grandchild until the termination of the trust, and that if all the issue of a deceased grandchild should die before the termination of the trust the share of such deceased grandchild should be held in equal portions for the benefit of the surviving grandchildren and the issue of any deceased grandchild, such issue taking by right of representation. On the death of any grandchild leaving issue his share of the trust fund was to be held in equal proportions for the benefit of the issue until the termination of the trust. At the termination of the trust the trustees were directed "to pay over by right of representation to such issue the share of the principal of said trust funds then held for the benefit of such issue" and later the direction was repeated that "in all cases the principal of the share or shares held for such issue [the issue of any deceased grandchild, was] to be paid to them at the termination of the trusts as aforesaid." During the

years 1928 and 1929 the following beneficiaries under the will were alive and were all inhabitants of the State of New Jersey: Grace W. Elms, a daughter of the testatrix; Leonard Brooks Elms, junior, a minor and great-grandchild of the testatrix and son of Leonard Brooks Elms, deceased, grandson of the testatrix; James C. Elms, junior, a grandson of the testatrix, and his minor children, Marguerite Elms and James C. Elms, 3d, great-grandchildren of the testatrix; and Grace Louise Elms Corwin, a granddaughter of the testatrix, and her minor children, Alfred H. Corwin, junior, and Hamilton S. Corwin, great-grandchildren of the testatrix. The trustees' objection to the determination and decision of the tax commissioner, appealed from to the Board of Tax Appeals, is upon the ground that the tax commissioner levied a tax upon income accumulated for the benefit of nonresident members of a class, and because there were living members of the class, all nonresidents, in whom the remainder under the aforesaid will was vested, although the time for possession is postponed, and the remainder will open to let in after-born members.

The tax commissioner contends that if there are no issue of the grandchildren living twenty years after the death of the surviving grandchild the property will go presumably to the heirs of the testatrix, and if there are issue living at the time of distribution it will go to such issue and only to such issue as are then living, and that it follows consequently that those who will take cannot be ascertained until the time of distribution arrives; that even if the remainder interest is vested in the five great-grandchildren now living, it does not follow that they are ascertained because their interest is subject to be divested and the persons who will take in that event will be "unascertained" just as certainly as though the remainder were contingent. The commissioner also contends that the phrase of the statute "contingent interests" refers to "interests" and not to remainders, and that an interest by way of executory devise or an interest subject to divestment is properly described as a "contingent interest," and that there is no reason why income accumulated for contingent re-

maindermen should be subject to a tax and other forms of "contingent interest" should be exempt from taxation. The commissioner further contends that no right or interest can vest in the great-grandchildren until the grandchildren shall die leaving issue — an event that has not happened, at least as to four of the five great-grandchildren whose parents are living. The tax commissioner upon the decision of the Board of Tax Appeals claimed an appeal therefrom to the Supreme Judicial Court of the Commonwealth and set out nine errors of law for the consideration of the full court. G. L. (Ter. Ed.) c. 58A, § 13. It is unnecessary to set them out at large, the issues therein raised being fully treated in the commissioner's brief (contentions) above referred to.

It is a settled rule of law that estates are deemed vested unless it plainly appears that the testator intended otherwise. It is also a settled rule of law that a gift to children or relatives is not to be deemed an executory devise if it is capable of taking effect as a remainder, and it is equally well settled that no remainder will be construed to be contingent which may consistently with the intention be deemed vested. *Blanchard* v. *Blanchard*, 1 Allen, 223, 225. It is also the rule that estates are deemed to vest at the earliest possible moment unless an opposite intention is clearly shown by the will. *Boston Safe Deposit & Trust Co.* v. *Abbott*, 242 Mass. 92. Gifts to members of a class vest in the living members notwithstanding a provision that on the death of a member his share shall go elsewhere and notwithstanding that the class may open to let in after-born members who may include persons standing in different degrees of relationship to the common ancestor. *Blanchard* v. *Blanchard*, 1 Allen, 223. *Crapo* v. *Price*, 190 Mass. 317, 319, 322. *Richardson* v. *Warfield*, 252 Mass. 518, 522. The remainder interests of the issue of the three grandchildren were described as shares in the trust fund which the trustees were directed on the termination of the trust to pay over to them by right of representation, and there are references in the will to the shares of issue of deceased grandchildren as existing before the termination of the trust. There are no

words of contingency as to who shall take such as the phrase "then living." We think with the Board of Tax Appeals that the remainder interests were intended by the testatrix to be vested in the issue, at any rate before the period of distribution, although those interests were subject to being diminished by the birth of other issue or divested by death before the termination of the trust. *Gibbens* v. *Gibbens,* 140 Mass. 102, 104. *Bosworth* v. *Stockbridge,* 189 Mass. 266. *Minot* v. *Purrington,* 190 Mass. 336, 338. *Linscott* v. *Trowbridge,* 224 Mass. 108. *Porter* v. *Porter,* 226 Mass. 204. *Richardson* v. *Warfield,* 252 Mass. 518, 522. The contingency unprovided for by the will, that all issue might die before the time of distribution, does not affect this construction. Whether the share of the last surviving issue would on his death descend to his heirs or go to the heirs of the testatrix may be uncertain, but in either case the event would not affect the vesting of the remainder interests.

The question remains whether the interests were vested when the income assessed was received. The record shows that the issue now living are minors, and it was stated at the argument before the Board of Tax Appeals that the testatrix died in 1910. We assume, as did the Board of Tax Appeals, therefore, that the remainder was not vested at her death. *Gray* v. *Whittemore,* 192 Mass. 367, 377, 378. See *O'Brien* v. *Lewis,* 208 Mass. 515, 518; *Wight* v. *Shaw,* 5 Cush. 56, 59. It was said in *Moore* v. *Lyons,* 25 Wend. 119, 144, and adopted with approval in *McArthur* v. *Scott,* 113 U. S. 340, 379, and in *Clarke* v. *Fay,* 205 Mass. 228, at page 235, that "where a remainder is so limited as to take effect in possession, if ever, immediately upon the determination of a particular estate, which estate is to determine by an event which must unavoidably happen by the efflux of time, the remainder vests in interest as soon as the remainderman is *in esse* and ascertained; provided nothing but his own death before the determination of the particular estate will prevent such remainder from vesting in possession."

Applying the foregoing rules to the facts disclosed it is plain that during the years 1928 and 1929 the entire remain-

der was vested in the five living children of the three grand-
children and that the income was accumulated for their
benefit and also that they were not "unborn or unascertained
persons or persons with contingent interests," as those words
are used in G. L. c. 62, § 10.   The great-grandchildren, the
beneficiaries under the trust, were not in the years 1928 and
1929 inhabitants of this Commonwealth but were such of
the State of New Jersey.   The income consequently was not
taxable under G. L. c. 62, § 10, and should have been abated
in whole by the commissioner of corporations and taxation.
The requests of the commissioner of corporations and taxa-
tion for the rulings, *supra,* were denied rightly, and no re-
versible error is found in the assignments of error.

The conclusion is that abatement is granted in the sum of
$3,301.80 for the 1929 tax and in the sum of $5,171.71 for the
1930 tax, the trustees to recover their costs before the board
and the costs of this appeal, and the Treasurer and Receiver
General of the Commonwealth is directed to repay to the
trustees the respective sums so abated with interest at six
per cent per annum from February 16, 1931, the date each
of the said sums was paid into the treasury of the Common-
wealth, with their costs before the Board of Tax Appeals and
of this appeal.

*So ordered.*