# DECISIONS

OF THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS

COMMISSIONER OF CORPORATIONS AND TAXATION *vs.* THE
SECOND NATIONAL BANK OF BOSTON & others, trustees.

Suffolk.   November 7, 1939. — January 2, 1941.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Tax,* On income.   *Trust,* Construction, Taxation.   *Deed,* Construction,
Remainder.

Under a trust indenture providing for payment of the income to a bene-
ficiary for life and for termination of the trust on such beneficiary's
death, when the trust estate "shall be paid to or upon the order of
the Grantor, or his legal representatives," and that the trust might
be terminated or modified at any time by agreement of the grantor
and life beneficiary, the remainder interest of the grantor was one
"presently vested in a person . . . in being not subject to be divested
by the happening of any contingency expressly mentioned in the
instrument" within G. L. (Ter. Ed.) c. 62, § 10 (3); and, the grantor
being an inhabitant of another State, income "accumulated" for his
benefit by the trustee was nontaxable by reason of § 8 (d).

APPEAL from a decision by the Appellate Tax Board.

*E. O. Proctor,* Assistant Attorney General, for the com-
missioner.

*G. R. Stobbs,* for the taxpayers.

FIELD, C.J.   This is an appeal by the commissioner of
corporations and taxation from a decision of the Appellate

Tax Board abating an income tax assessed upon the trustees under an indenture of trust dated April 1, 1924, between H. Nelson Slater, then of Webster, Massachusetts, grantor, Mabel Hunt Slater and certain trustees, on income received by the trustees under said indenture during the calendar year ending December 31, 1936. G. L. (Ter. Ed.) c. 58A. St. 1937, § 400.

The trustees under said indenture during said year 1936 and thereafter were said H. Nelson Slater, said Mabel Hunt Slater, both residents of New York City, and the Second National Bank of Boston, a national banking corporation having a usual place of business in the city of Boston and having been duly appointed a trustee of said trust by the Probate Court for the county of Worcester. The income upon which the tax was assessed consisted of the excess of gains over losses from purchases or sales of intangibles by said trustees. See G. L. (Ter. Ed.) c. 62, § 5 (c). Said excess for the year in question amounted to $10,149.99. As only one of the trustees was "an inhabitant of the commonwealth or . . . derived his appointment from a court of the commonwealth," within the meaning of G. L. (Ter. Ed.) c. 62, § 10, only one third of such excess of gains over losses was assessed. The tax assessed thereon at the rate of 3% amounted to $101.50. An additional tax of 10% of this amount — $10.15 — was assessed under the provisions of St. 1937, c. 422. The aggregate tax so assessed, together with deficiency interest of $1.78, a total of $113.43, was paid on October 1, 1937. This is the amount of the abatement granted by the Appellate Tax Board.

It was provided by the trust indenture that the net income of the trust should be paid to Mabel Hunt Slater during her life, that upon her death the trust should terminate, and that "the trust estate . . . shall be paid to or upon the order of the Grantor, or his legal representatives." The indenture further provides that it may be terminated or modified at any time by the agreement of the grantor and the beneficiary.

Though the excess of gains over losses from purchases or sales of intangibles above referred to constituted income for

the purposes of the income tax, it was not distributable to the life beneficiary but was received and accumulated for the beneficiaries of the remainder interest. See *Tax Commissioner* v. *Putnam*, 227 Mass. 522, 529; *First National Bank of Boston* v. *Commissioner of Corporations & Taxation*, 274 Mass. 583, 586; *Harvard Trust Co.* v. *Commissioner of Corporations & Taxation*, 284 Mass. 225, 227.

The governing statutes are as follows: G. L. (Ter. Ed.) c. 62, § 8 (d), provides that "Such part of the income received by trustees . . . as is payable to or accumulated for persons not inhabitants of the commonwealth" is "exempt from the taxes imposed by this chapter." Section 10 of said chapter provides in part as follows: "The income received by estates held in trust by trustees or other fiduciaries under the will of a person who died an inhabitant of the commonwealth or under a trust created by a person who was either at the time of the creation of the trust or at any time during the year for which the income is computed an inhabitant of the commonwealth, any one of which trustees or other fiduciaries is an inhabitant of the commonwealth or has derived his appointment from a court of the commonwealth, shall be subject to the taxes imposed by this chapter to the extent that the persons to whom the income from the trust is payable or for whose benefit it is accumulated are inhabitants of the commonwealth. Income so received and accumulated for unborn or unascertained persons or persons with uncertain interests shall be taxed as if accumulated for the benefit of a known inhabitant of the commonwealth to the following extent: . . . (3) Where any one or more of the trustees is an inhabitant of the commonwealth the proportion of the income accumulated for unborn or unascertained persons or persons with uncertain interests shall be taxed which is represented by the ratio of trustees who are inhabitants of the commonwealth to the total number of trustees. For the purposes of this section . . . income shall be deemed to be accumulated for unborn or unascertained persons or persons with uncertain interests when thus accumulated by estates, by trustees or other fiduciaries, who are subject to the provisions of this section . . . for the benefit

of any future interest other than a remainder presently vested in a person or persons in being not subject to be divested by the happening of any contingency expressly mentioned in the instrument creating the trust."

These statutory provisions deal with the taxation of income received by trustees in the year for which the tax is assessed. See *Commissioner of Corporations & Taxation* v. *Alford*, 282 Mass. 113, 119. Income so received is divided by these provisions into three classes: (a) that which is payable to or accumulated for persons who are "inhabitants of the commonwealth" is taxable, G. L. (Ter. Ed.) c. 62, § 10; (b) that which is "payable to or accumulated for persons not inhabitants of the commonwealth" (§ 8 [d]) is not taxable, and (c) that which is "accumulated for unborn or unascertained persons or persons with uncertain interests" (§ 10 [3]) is taxable, that is, it is treated in the same way as income accumulated for persons who are inhabitants of the Commonwealth. All income presently payable falls into one or the other of the first two classes, but income that is "accumulated" may fall into any one of the three classes. The person for whom income is "accumulated," however, is not necessarily the person to whom this income will actually be payable by the trustee when the time for such payment arrives. It is "accumulated," within the meaning of the statute, for the person or persons who, at the time it is accumulated, have the present right to receive in the future the income so "accumulated," that is, the person or persons having the future interests therein. See *Commissioner of Corporations & Taxation* v. *Alford*, 282 Mass. 113, 118–119. Such income accumulated "for the benefit of any future interest" is taxable unless that interest is "a remainder presently vested in a person or persons in being not subject to be divested by the happening of any contingency expressly mentioned in the instrument creating the trust." G. L. (Ter. Ed.) c. 62, § 10 (3).

These words, "a remainder presently vested," apparently are used in the statute in their primary common law sense, although, in accordance with common usage, as including

equitable future interests in personalty, rather than in the broader sense of future interests that are assignable and transmissible by will or by the laws regulating intestate succession. See Gray, Rule Against Perpetuities (3d ed.), §§ 116, 117, 118. In *Commissioner of Corporations & Taxation* v. *Alford*, 282 Mass. 113, 114, 117–119, the correlative words, "contingent interests," in the statute in its earlier form (G. L. c. 62, § 10) were treated as used in the primary common law sense and the interests there in question were held to be "vested," rather than "contingent" in accordance with the primary meaning of these words, though they were subject to being diminished if not wholly divested. See also *Harrison* v. *Commissioner of Corporations & Taxation*, 272 Mass. 422, 424–425. Compare *First National Bank of Boston* v. *Commissioner of Corporations & Taxation*, 274 Mass. 583. After the situations arose that were considered in these three cases, but before the decision in the *Alford* case, the statute was changed to its present form by St. 1931, c. 456, § 1. Income accumulated for the benefit of "persons with uncertain interests" was made taxable instead of income accumulated for the benefit of "persons with contingent interests." Every future interest was included in the class except a "remainder presently vested in a person or persons in being not subject to be divested by the happening of any contingency expressly mentioned in the instrument creating the trust." It is apparent that when this statute uses words such as "remainder," "vested," "contingency" and "divested" it continues to use language in its primary common law sense.

Ordinarily assignability and transmissibility by will or by the laws of intestate succession are attributes of a "vested" remainder when the word "vested" is used in its primary common law sense (see Am. Law Inst. Restatement: Property, §§ 163–165; *Loring* v. *Carnes*, 148 Mass. 223, 225) as well as when it is used in the broader sense. Clearly, within the meaning of the statute, the existence of these attributes does not prevent a remainder's being "vested." And though it is not infrequently said that a person by transferring property owned by him di-

vests himself of such property or the ownership thereof, the words "subject to be divested" when used of a "remainder presently vested" naturally mean that such remainder can be cut short prior to its otherwise normal termination (see Am. Law Inst. Restatement: Property, § 16 [b]), but do not refer to the ordinary attributes of such a remainder, assignability and transmissibility. We think that the words are used in the statute with this meaning. The fact that the contingencies upon the happening of which the remainder may be "divested," referred to in the statute, are limited to those "mentioned in the instrument creating the trust" supports this interpretation. Even if assignment by the owner of a vested remainder or his death resulting in the disposition of the remainder as a part of his estate could be regarded as a "contingency" within the meaning of the statute (see *First National Bank of Boston* v. *Commissioner of Corporations & Taxation*, 274 Mass. 583, 587) such a remainder would not be "subject to be divested," in the sense in which the words are used, by the happening of either of these contingencies.

Furthermore, it is obvious that the exclusion of a "remainder presently vested," from the class of taxable future interests would be almost, if not wholly, meaningless if such a remainder were to be regarded as "subject to be divested" merely because it was assignable and transmissible. And it is not to be thought that the Legislature intended to place a vested remainder in the class of taxable future interests merely because its ordinary attributes of assignability and transmissibility are "mentioned" in the instrument. Tax laws are to be construed as imposing taxes with respect to matters of substance and not with respect to mere matters of form. Clauses in an instrument creating a trust that add nothing of substance to the rights of the parties and do not affect the nature and quality, as a vested remainder, of a future interest created thereby cannot rightly be seized upon as constituting grounds for imposing a tax. See *Helvering* v. *Helmholz*, 296 U. S. 93, 97. Compare *Helvering* v. *Grinnell*, 294 U. S. 153. Even if there were more doubt the principle would be applicable that "If the right to tax is not plainly

conferred by the statute it is not to be extended by implication." *Martin L. Hall Co.* v. *Commonwealth,* 215 Mass. 326, 329. Nothing herein said is to be construed as meaning that upon an actual transfer of ownership of a vested remainder the new owner does not thereby become the person for whom income thereafter is accumulated. Income such as is here in question is an incident of ownership of the remainder at the time the income is received by the trustee.

Clearly, on the facts found by the board, the income in question was not "accumulated" for the benefit of a known inhabitant of the Commonwealth. It was "accumulated" for the benefit of the person or persons who as of the time it was "accumulated" would be entitled to the principal of the trust fund upon the death of the life tenant, Mabel Hunt Slater, that is, for the person or persons having a future interest or future interests in the principal of the trust estate. Whether or not the income in question "accumulated" for the benefit of the person or persons having the future interest or interests in the principal of the trust estate was taxable depends upon the nature of the future interest or interests. H. Nelson Slater, an inhabitant of the State of New York at the time the income in question was accumulated — as the commissioner concedes — had a future interest in the trust estate and his future interest was a "remainder presently vested" in him. If there was nothing more to be said this income would not be subject to taxation under the provisions of G. L. (Ter. Ed.) c. 62, § 10 (3).

The commissioner contends, however, that the vested remainder in H. Nelson Slater was "subject to be divested by the happening of . . . [a] contingency [or contingencies] expressly mentioned in the instrument creating the trust" within the meaning of G. L. (Ter. Ed.) c. 62, § 10 (3). This contention is based (a) on the language of the trust indenture by which it is provided that on the termination of the trust upon the death of the life tenant "the trust estate . . . shall be paid to or upon the order of the Grantor or his legal representatives," and (b) on the provision of the trust indenture that it may be terminated or modified at any time by

the agreement of the grantor and the beneficiary. These contentions must be considered in the light of the interpretation herein given to the statute.

First. The provision for payment of the trust estate "to or upon the order of the Grantor or his legal representatives" does not describe a contingency by the "happening" of which the vested remainder in H. Nelson Slater was "subject to be divested."

If the trust indenture had provided merely for payment of the trust estate "to . . . the Grantor" he clearly would have had a vested remainder that would not have been subject to being divested by his death before the termination of the trust upon the death of the life tenant. The gift would not have been contingent upon his surviving the life tenant. See *Clarke* v. *Fay*, 205 Mass. 228, 235. The trust estate at the termination of the trust ordinarily would have been payable to his administrators or executors for distribution as a part of his estate. The further provision for payment of the trust estate "to . . . his legal representatives" clearly was intended to become applicable only if he died before the termination of the trust. The natural meaning of this provision is that in the event of his death payment is to be made to his administrators or executors for distribution of the amount paid as a part of his estate, as would have been the case if this provision had not been included in the trust indenture. The words "legal representatives" naturally connote such administrators or executors, in the absence, as here, of anything to indicate a different meaning. *Cox* v. *Curwen*, 118 Mass. 198, 200. *Worcester* v. *Kelley*, 119 Mass. 575, 582. *Lodge* v. *Weld*, 139 Mass. 499, 504. *Daniels* v. *Pratt*, 143 Mass. 216, 223. *Alexander* v. *McPeck*, 189 Mass. 34, 42. And a provision for payment to one's administrators or executors imports that the amount so paid shall be distributed by such administrators or executors as a part of the estate of the deceased person. *Cox* v. *Curwen*, 118 Mass. 198, 200. The provision in the trust indenture now in question does not import that the administrators or executors of H. Nelson Slater are to take beneficially the vested remainder before the termination of the trust, or the principal of

the trust estate upon such termination, in substitution for
him. In effect they are to take such vested remainder, or
receive such principal, as property to be distributed as a part
of his estate, as his will or the laws regulating intestate suc-
cession may require, and by virtue of his right as owner of
such property to transmit it upon his death. See *Forbes* v.
*Snow*, 239 Mass. 138, 145; *S. C.* 245 Mass. 85, 91–92.
As already pointed out, the attribute of transmissibility in
the vested remainder does not render it "subject to be
divested" within the meaning of the statute.

The words "or his legal representatives" doubtless were
unnecessary on this interpretation. But these words and
words of like meaning, such as "or his administrators or
executors," are not infrequently used in instruments from
greater caution, even when they are not necessary. The fact
that these words were used does not call for a different inter-
pretation of the provision for payment on the ground that
a written instrument is to be interpreted so as to give a
meaning to all the words used therein. So far as these words
have any effect upon the interpretation of the trust inden-
ture they tend to confirm rather than to negative the
creation thereby of a vested remainder in the grantor not
subject to being divested by his death.

The commissioner contends, however, that by reason of the
use of the words "upon the order of" in addition to the pro-
vision for payment "to" the grantor or his legal represent-
atives powers of appointment were given to the "Grantor"
and to "his legal representatives" by the exercise of
which the vested remainder in the grantor can be divested.
But the words "upon the order of" as here used are not apt
for this purpose. More naturally they show an intention
of the parties to the trust indenture that the trustees there-
under shall not be required to make the payment to the
grantor or to his administrators or executors personally,
but may make such payment to an agent or even to an as-
signee of the grantor or of his executors or administrators —
a dealing with the remainder as the property of the grantor
or as a part of his estate as an incident of the ownership by
him of the vested remainder and not in derogation of such

ownership. Nothing in the language of the trust indenture indicates that the parties thereto intended to authorize the "legal representatives" of the grantor to make such an order for payment for any purpose other than the settlement of the estate of the grantor. If, as we think, an amount paid directly to them was to be distributed as a part of his estate it is not probable that it was intended that by making an "order" for such a payment these "legal representatives" could use the amount paid for their own purposes. Yet, if the provision for payment of the trust estate "upon the order of" the legal representatives is construed as giving them a power of appointment, there is no limitation — at least no express limitation — upon the manner of its exercise or the persons to whom — including themselves — the appointment may be made. An interpretation of the provision in question as creating a power of appointment in the grantor and another in his legal representatives places too great a burden upon the words "upon the order of," apparently used with reference merely to a detail of administration of the trust. The elaboration of the provision for disposition of the trust estate upon its termination beyond a simple direction to pay it to the grantor neither adds to nor subtracts from his substantive legal rights in the vested remainder in the trust estate. At most it recognizes the quality of assignability inherent in the vested remainder. The vested remainder in him was not thereby rendered "subject to be divested" within the meaning of the statute.

Second. The provision in the trust indenture for termination or modification thereof at any time by the agreement of the grantor and the beneficiary does not describe a "contingency" "by the happening" of which the vested remainder in H. Nelson Slater was "subject to be divested."

The "settlor" is also a beneficiary of the trust. He and the life tenant — obviously "the Beneficiary" referred to in the provision in question — constitute all the beneficiaries thereof. There is nothing in the record to show that there was any purpose in establishing the trust other than the payment of the income thereof to Mabel Hunt Slater during her life and of the principal thereof to H. Nelson Slater or

his administrators or executors if he predeceased the life tenant. The interest of the life tenant in the trust, for aught that appears in the record, was assignable by her. See *Ames* v. *Clarke*, 106 Mass. 573, 574; *Boston Safe Deposit & Trust Co.* v. *Luke*, 220 Mass. 484, 485; *Woodard* v. *Snow*, 233 Mass. 267, 274; *Forbes* v. *Snow*, 245 Mass. 85, 91. And the vested remainder in the settlor was assignable by him. Even without the provision in the trust indenture now in question the settlor-beneficiary and the life-tenant-beneficiary, having the entire equitable ownership of the trust fund, acting together could compel the termination of the trust. See *Smith* v. *Harrington*, 4 Allen, 566, 568–569; *Inches* v. *Hill*, 106 Mass. 575, 578; *Slater* v. *Hurlbut*, 146 Mass. 308, 314–315; *Whall* v. *Converse*, 146 Mass. 345, 349; *Sears* v. *Choate*, 146 Mass. 395, 398; *Matthews* v. *Thompson*, 186 Mass. 14, 18; *Helvering* v. *Helmholz*, 296 U. S. 93, 97; Am. Law Inst. Restatement: Trusts, §§ 337 (1), 338 (1); Scott on Trusts, §§ 337, 337.1, 338. And on its termination they could by agreement set up a new trust upon different terms, in effect modifying the trust created by the trust indenture. The power conferred by law upon the beneficiaries acting together to terminate or modify the trust is closely analogous, with respect to each beneficiary, to the power of such beneficiary to assign his interest in the trust estate. It is an attribute of the ownership by such beneficiary of an interest in the trust estate and its exercise is a disposition by him of his own property. The clause in question adds nothing of substance to the rights that the law conferred. *Helvering* v. *Helmholz*, 296 U. S. 93, 97. At most it is an aid to the construction of the trust indenture negativing any purpose on the part of the settlor that the trust should not be terminated or modified by the beneficiaries. But apart from this clause there is nothing in the trust indenture — so far as appears — to import such a purpose.

The existence of the power to terminate or modify the trust, therefore, does not render the vested remainder of H. Nelson Slater therein "subject to be divested" within the meaning of the statute. Nor does the fact that this power is "mentioned" in the trust indenture bring this vested re-

mainder into the class of taxable future interests. Obviously this power in all the beneficiaries acting together to terminate or modify the trust is to be distinguished from a power of revocation in one of them or in the settlor. See *Helvering* v. *Helmholz,* 296 U. S. 93, 97. It is, however, unnecessary to consider the effect under the taxing statute of the existence of such a power. Compare *First National Bank of Boston* v. *Commissioner of Corporations & Taxation,* 274 Mass. 583.

Abatement must be granted in the sum of $113.43, with interest at the rate of six per cent per annum from the time when the tax was paid, and with costs against the commissioner. G. L. (Ter. Ed.) c. 58A, § 13. St. 1937, c. 400, §§ 1, 4.

*So ordered.*