STATE TAX COMMISSION *vs.* MARILYN BLINDER, trustee.

Suffolk.    November 7, 1957. — February 5, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, COUNIHAN, & WHITTEMORE, JJ.

*Taxation*, Income tax. *Trust*, Taxation.

Where a trust instrument provided that income should be paid to the son of the settlor in the trustee's discretion until the son should attain his majority and thereafter all the income should be paid to him, that he should receive part of the principal upon attaining his majority and the rest at thirty years of age, and that if he should die

before reaching the age of thirty years the trust fund should benefit others, taxable income received by the trust in a certain year during his minority and accumulated was "accumulated for . . . persons with uncertain interests" within G. L. (Ter. Ed.) c. 62, § 10 (3), and the trustee with respect to such income was not entitled under § 12 to claim in his fiduciary income tax return at the request of the son the benefit of the $2,000 exemption provided by § 8 (a) as amended by St. 1951, c. 800, § 5.

APPEAL from a decision by the Appellate Tax Board.

*Edward F. Mahony,* Assistant Attorney General, for State tax commission.

*Benjamin Arac,* for the taxpayer.

WILKINS, C.J.    This is an appeal by the State tax commission from a decision of the Appellate Tax Board abating a tax assessed upon income received during the calendar year 1952 by the trustee under a trust agreement dated April 6, 1945, between Morris Blinder, of Brookline, and a trustee. The trustee is Marilyn Blinder, wife of the settlor, and the principal beneficiary is her minor son, Edward B. Blinder, both residents of Brookline.

On or about March 15, 1953, the trustee filed a tax return covering income received during the preceding calendar year, during which the income was accumulated and consisted of dividends of $136.92 and realized net gains of $1,236.34 from the sale of intangibles, a total of $1,373.26.    In the return the trustee and the beneficiary claimed the benefit of the $2,000 exemption provided by G. L. (Ter. Ed.) c. 62, § 8 (a), as amended by St. 1951, c. 800, § 5.[1]    During 1952 the beneficiary had no other income, taxable or nontaxable.    He had not attained the age of twenty-one years, and he made no other claim for exemption for 1952.    On September 1, 1953, the State tax commission assessed a tax of $101.35.    The State tax commission denied an application for abatement, and the trustee paid the tax.

---

[1] G. L. (Ter. Ed.) c. 62, § 8, as amended.    "The following income shall be exempt from the taxes imposed by this chapter: . . . (a) [Individuals of small means.]    Two thousand dollars in all of income taxable under section one [on certain intangibles] and under subsections (a) [on annuities] and (c) [gains on purchases of intangibles] of section five, received by a person whose total income from all sources does not exceed two thousand dollars during the year . . . ."

The Appellate Tax Board treated the case as depending entirely upon the provisions of G. L. (Ter. Ed.) c. 62, § 12,[1] relating to exemptions, and held that the beneficiary was a "person to whom the income . . . is payable, or for whose benefit it is accumulated" within the meaning of that section. The State tax commission contends that § 12 cannot be considered apart from the other sections of c. 62, and, in particular, argues that the beneficiary's interest is "uncertain" within the meaning of G. L. (Ter. Ed.) c. 62, § 10.[2]

Under the trust instrument payments of income or principal to or for the benefit of Edward are to be in the discretion of the trustee until he attains the age of twenty-one years, at which time the trustee is to pay him one third of the principal. Thereafter the trustee is to pay him all the income until he attains the age of thirty years, at which time he is to receive the entire fund. Should Edward die before attaining the age of thirty years, leaving children, payments of income and principal are to be made to them

---

[1] G. L. (Ter. Ed.) c. 62, § 12. "A trustee may, at the request of any beneficiary, claim the benefit of the exemption provided by subsection (a) of section eight for each person to whom the income from the trust is payable, or for whose benefit it is accumulated, . . . provided, that the commissionei is satisfied by an affidavit from the beneficiary claiming exemption, or for whose benefit the same is claimed, or otherwise, that such beneficiary is not allowed in all trusts or estates under which he may be a beneficiary, and on account of all income on which he is liable to taxation under this chapter, more than the total amount of exemption to which he is entitled under said subsection (a)."

[2] G. L. (Ter. Ed.) c. 62, § 10. "The income received by estates held in trust by trustees . . . under a trust created by a person who was either at the time of the creation of the trust or at any time during the year for which the income is computed an inhabitant of the commonwealth, any one of which trustees . . . is an inhabitant of the commonwealth . . . shall be subject to the taxes imposed by this chapter to the extent that the persons to whom the income from the trust is payable or for whose benefit it is accumulated are inhabitants of the commonwealth. Income so received and accumulated for unborn or unascertained persons or persons with uncertain interests shall be taxed as if accumulated for the benefit of a known inhabitant of the commonwealth to the following extent: . . .

"(2) Where all of the trustees . . . are inhabitants of the commonwealth, the whole amount of income thus accumulated shall be taxed.

"(3) . . . For the purposes of this section and of section nine [estates of deceased persons] income shall be deemed to be accumulated for unborn or unascertained persons or persons with uncertain interests when thus accumulated by estates, by trustees or other fiduciaries, who are subject to the provisions of this section or of section nine, for the benefit of any future interest other than a remainder presently vested in a person or persons in being not subject to be divested by the happening of any contingency expressly mentioned in the instrument creating the trust. . . ."

in the discretion of the trustee until all the children shall have attained the age of twenty-one years, at which time they are to receive the principal in equal shares. Should Edward die before attaining the age of thirty years, leaving no children, the instrument contains detailed provisions for payments to other children of the settlor, and failing them to Marilyn or as she may by will appoint, and in default of appointment to her next of kin.

General Laws (Ter. Ed.) c. 62, § 10, assumed the form which is pertinent to this case in St. 1931, c. 456, entitled, "An Act relative to the taxation of estates and fiduciaries in respect of income." Prior to that amendment § 10 read, "The income received by estates held in trust by trustees, any one of whom is an inhabitant of the commonwealth . . . shall be subject to the taxes assessed by this chapter to the extent that the persons to whom the income from the trust is payable, or for whose benefit it is accumulated, are inhabitants of the commonwealth. Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests shall be taxed as if accumulated for the benefit of inhabitants of the commonwealth. . . ."

Under § 10 in its earlier form the income would not have been regarded as accumulated for a person with a contingent interest. *Commissioner of Corporations & Taxation* v. *Alford,* 282 Mass. 113 (decided in 1933). See *Harrison* v. *Commissioner of Corporations & Taxation,* 272 Mass. 422, 425–426. By the 1931 amendment income accumulated for the benefit of "persons with uncertain interests" was made taxable instead of income accumulated for the benefit of "persons with contingent interests." Subsection (3), added by the 1931 amendment, "For the purposes of this section and of section nine" defined income "accumulated for unborn or unascertained persons or persons with uncertain interests" by trustees subject to §§ 9 and 10 as including income accumulated "for the benefit of any future interest other than a remainder presently vested in a person or persons in being not subject to be divested by the happening of any contingency expressly mentioned in the instrument creating the

trust." *Commissioner of Corporations & Taxation* v. *Second National Bank,* 308 Mass. 1, 5.

Net gains from the sale of intangibles are principal gains for the purposes of trust accounting, but for the purposes of income taxation they constitute income for the year in which the gains were made. *Commissioner of Corporations & Taxation* v. *Baker,* 303 Mass. 606, 610. *Commissioner of Corporations & Taxation* v. *Bullard,* 313 Mass. 72, 73.

The taxpayer concedes that the income is taxable, but makes the contention that Edward, although the holder of an "uncertain" interest, is entitled to the exemption provided by c. 62, §§ 8 (a) and 12, in that the income was being accumulated for him since he has a present vested right to receive income in the future, and § 12 gives the trustee the right to claim the exemption at his request. She relies upon *Commissioner of Corporations & Taxation* v. *Second National Bank,* 308 Mass. 1, 4, where in discussing the taxability of trust income under § 10 (3) it was said: "The person for whom income is 'accumulated' . . . is not necessarily the person to whom this income will actually be payable by the trustees when the time for such payment arrives. It is 'accumulated,' within the meaning of the statute, for the person or persons who, at the time it is accumulated, have the present right to receive in the future the income so 'accumulated,' that is, the person or persons having the future interests therein." This language must be read in connection with the actual trust instrument then before the court, where there was at the death of the life beneficiary a reversion (called a remainder interest in the opinion) to the grantor. This, of course, was vested, and, in the words of § 10 (3), was "a remainder presently vested in a person or persons in being not subject to be divested by the happening of any contingency expressly mentioned in the instrument creating the trust." In *Commissioner of Corporations & Taxation* v. *Bullard,* 313 Mass. 72, where the language of the *Second National Bank* case was quoted at page 75, the holding was that there was no "contingency." In our opinion, these cases are not authorities that, within the meaning of

the taxing act, Edward has a present right to receive in the future the accumulated income.

The Appellate Tax Board granted the following requests for rulings of the State tax commission: "3. That as a matter of law the interest of Edward Blinder at best is presently vested but subject to be divested by his not reaching the specified ages." "5. That as a matter of law Edward Blinder's interest is subject to be cut short by his never reaching the prescribed ages." In other words, in the trust instrument there are named contingencies which by their happening might divest the interest of the life beneficiary. The taxpayer, however, argues that these are immaterial considerations under § 12.

We are dealing with an exemption from taxation, which is a matter of special favor or grace and to be recognized only where the property falls clearly and unmistakably within the express words of a legislative command. *Boston Chamber of Commerce* v. *Assessors of Boston,* 315 Mass. 712, 716. The burden is upon the taxpayer to show that she is entitled to the exemption claimed. *Old Colony Trust Co.* v. *Commissioner of Corporations & Taxation,* 331 Mass. 329, 345.

We are of opinion that under the trust instrument the trustee has not sustained the burden of showing that she can claim an exemption at the request of Edward. We think that a reading of § 10 along with § 8 (a) and § 12 is not precluded because of the reference only to § 9 and § 10 in § 10 (3). The exemptions granted by § 8 (a) and § 12 are intended for the benefit of persons who are taxed. The tax here imposed by § 10 is not on the ground that there is income accumulated for Edward but because there is income accumulated for "persons with uncertain interests." As these persons are uncertain, there is no way in which anyone can invoke under § 12 the benefit of an exemption under § 8 (a).

The trustee is not entitled to the abatement. The decision of the Appellate Tax Board is reversed, and a decision for the State tax commission is to be entered.

*So ordered.*